**In re Gary Dewayne CLAYBORN & Diane Phyllis Clayborn, Debtors.**

**Bankruptcy No. 1–80–01732.**

United States Bankruptcy Court, E. D. Tennessee.

May 27, 1981.

Scott N. Brown, Jr., Chattanooga, Tenn., for debtors.

Arthur C. Grisham, Jr., Chattanoga, Tenn., for Commercial Credit Plan, Inc.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

The debtors filed a chapter 13 case and proposed to pay creditors in full. The plan was conditionally confirmed without prejudice to the rights of Commercial Credit Plan, Inc. The present dispute involves claims 4 and 5 filed by this creditor.

The chapter 13 plan treats claim 4 as fully secured. The claim includes a contractual attorney's fee of $75. The debtors' brief admits that "a reasonable fee would be allowable on the oversecured claim of Commercial Credit". The claim, including the attorney's fee, will be paid in full. See 11 U.S.C. § 506(b).

The essential dispute involves claim 5 filed as follows:

| Amount | Atty's Fee | Total Claim |
|---|---|---|
| $2,803.90 | $150.00 | $2,953.90 |

The claim was secured by a lien on household goods but the lien was avoided under 11 U.S.C. § 522(f). The avoidance was not an issue in this proceeding. Therefore, the claim is unsecured.

The sole issue is whether the creditor is entitled to be paid the contractual attorney's fee included in claim 5.

The creditor argues that (1) the debtors entered into a contract to indemnify the creditor for attorney's fees incurred in collection and (2) the contractual obligation created a "claim" within the definition of claim under the Bankruptcy Code. 11 U.S.C. § 101(4).

Under the Code an unsecured creditor's claim may include a contractual attorney's fee. But chapter 13 debtors need not necessarily propose a plan providing for payment of the entire claim.

Under chapter 13 only the debtor can propose a plan. A debtor has a right to amend his plan before confirmation. 11 U.S.C. § 1323(a). A debtor also has a right to amend his plan after confirmation. 11 U.S.C. § 1329.

In this case, the debtors' plan was not explicit as to whether they proposed to pay the creditor's attorney's fee on claim 5. But the debtors also filed an objection to the attorney's fee part of the claim. In effect the debtors proposed to pay all of the claim except the attorney's fee.

The court will not cause an unnecessary amendment or modification to be filed, especially one which would involve merely form and not substance. The court will treat the debtors' objection as a modification of their plan. The court will decide whether the debtors are entitled to confirmation of their plan since it does not provide for payment of contractual attorney's fees on unsecured claims.

For purposes of this opinion, the court will accept the creditor's argument that—

(1) it has a contract with the debtors which contains a "contractual attorney fee provision" and

(2) it had a contractual right to the attorney's fee on the date of filing of the chapter 13 case.

The contract is attached to the creditor's claim.

The Code provides that the court shall confirm a plan if—

. . . .

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

. . . .

11 U.S.C. § 1325(a)

The property to be distributed to the unsecured creditor is $2,803.90. From the proof and the entire record the court concludes that such amount is not less than the creditor would receive if the debtors' estate were liquidated under chapter 7 of the Code. It appears that in liquidation the creditor would receive nothing.

The creditor may consider itself to be in a class of unsecured creditors. If so, then there are two classes—those whose claims include contractual attorney's fees and those whose claims do not.

▮ Unsecured claims may be classified but the classification cannot unfairly discriminate, and all claims in the class must be substantially similar. 11 U.S.C. § 1322(a)(3) & § 1122. This classification does not unfairly discriminate. Unsecured creditors are treated the same. All will receive full payment of the principal of their debts and charges accrued up to the time of filing. But none will receive payment of contractual attorney's fees. Of course, all unsecured claims that include attorney's fees are substantially similar.

The experience nationwide under the Code has been that many debtors propose zero or only a small percentage payment to unsecured creditors. The number of cases decided under the "good faith" requirement for confirmation attests to the fact. 11 U.S.C. § 1325(a)(3).

Creditors should encourage 100 percent payment plans. In such cases unsecured creditors need only file a simple proof of claim form. The chapter 13 trustee will collect the money and pay the creditor in full. The debtor will not receive a discharge until completion of all payments under the plan. 11 U.S.C. § 1328.

It would be self-defeating to allow each creditor to collect a substantial attorney's fee merely for having filed a claim. Most debtors would either file a chapter 7 or in chapter 13 propose a plan providing for less than 100% payment on unsecured claims, thereby not paying the attorney's fees. The result would be that unsecured creditors would receive less than they now do under 100% plans. Furthermore, what debtors can do by indirection, they should be able to do directly by classification.

An order will be entered allowing claim 4 as secured in full and finally confirming the plan with the provision that no attorney's fees be paid on unsecured claims. Accordingly the attorney's fee on claim 5 will not be paid. The motions to increase the attorney's fees will be denied.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.