In Re Danny Carl PHILLIPS; Edward F. Toth and Diana L. Toth; Gregory M. Stark and Mira L. Stark, Debtors.

Danny Carl PHILLIPS, Plaintiff,

v.

BENEFICIAL FINANCE COMPANY, Defendant.

Edward F. TOTH and Diana L. Toth, Plaintiffs,

v.

NICHOLS LOAN CORPORATION, Defendant.

Gregory M. STARK and Mira L. Stark, Plaintiffs,

v.

NICHOLS LOAN CORPORATION, Defendant.

Bankruptcy Nos. 280–00468, 280–00268 and 280–00594.

United States Bankruptcy Court, C. D. Illinois.

July 10, 1981.

Ronald Sweikar, Danville, Ill., for the
Toths.

Mary G. Gorski, Champaign, Ill., for Danny Phillips.

Theodore J. Pasierb, Jr., Danville, Ill., for the Starks.

William L. Garrison, Danville, Ill., for Beneficial Finance and Nichols Loan Corp.

## OPINION

LARRY LESSEN, Bankruptcy Judge.

The revised Bankruptcy Act of 1978 (P.L. 95–598, 11 U.S.C. Sec. 101 et seq.) includes several novel and controversial provisions. In these cases this Court must decide if one of these provisions may stand in the face of a challenge based on the Due Process Clause of the Fifth Amendment to the United States Constitution.

Challenged in these proceedings is 11 U.S.C. Sec. 522(f), which allows a debtor to avoid the fixing of certain types of liens on his property to the extent that those liens would impair the exemptions allowed by 11 U.S.C. Sec. 522(b). Section 522(f) reads:

"(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor."

The Court's Opinion has consolidated the above three cases in order to render a decision which will cover the issue when the question is raised in the future before this Court.

The debtors in each of the above cases have filed a voluntary petition in bankruptcy, have claimed the property exemptions set forth in Section 522(d) of the Bankruptcy Code and have filed a Motion to Avoid Lien pursuant to Section 522(f) of the Code. Each case involves a nonpossessory, nonpurchase-money security interest in household furnishings, goods and appliances held primarily for the personal, family or household use of the debtors.

The defendants in each of the cases filed an objection to the motion on the basis that Section 522(f) was unconstitutional as applied to them in that it violates the Fifth Amendment by depriving them of valuable and substantial property rights without due process of law.

The facts are not disputed and the only matter before the Court is the legal issue of whether Section 522(f) as applied to these defendants is unconstitutional. Evidence was received and arguments of counsel heard.

Several courts have already ruled upon the constitutionality of Sec. 522(f). See cases collected in, "In re: Sweeney, 7 B.R. 814, 3 C.B.C.2d, 523 (Bkrtcy.1980). Some of those cases found Section 522(f) unconstitutional, while others held it valid. This Court takes notice of these cases but is not controlled by any of them.

The cases before the Court present all three of the situations possible in regard to the time when the creditor received its security interest or lien and the times when Section 522(f) was signed into law and when it became effective. In Phillips, the debtor granted the security interest on May 6, 1977, which was prior to the date the Bankruptcy Code was enacted by Congress on November 6, 1978. In Toth, the creditor obtained its security interest on December 11, 1978, which was after the enactment date of the Code, but prior to its taking effect on October 1, 1979. In Stark, the

debtor granted the security interest on November 19, 1979, when the new Code was in full effect.

■ What exactly does Section 522(f) do? It does not, as some courts apparently have viewed it, give a debtor the option of completely extinguishing an otherwise valid lien. It only permits a debtor to avoid a lien on personalty claimable as exempt up to the limit of the exemption. Creditors' liens remain in force to the extent that the collateral has a higher value than the debtor's exemptions or where the collateral is not of a type in which the debtor may claim his exemptions.

■ What Section 522(f) in essence does, is modify the priority rules to certain kinds of personalty. It gives the debtor a statutory lien superior to a judicial lien or a nonpossessory, nonpurchase-money security interest in the categories of personalty enumerated in Section 522(f)(2)(A), (B) and (C). The question remains whether Congress may, in light of the Fifth Amendment's Due Process Clause, give a debtor this statutory lien superior to certain prior liens.

■ Article 1, Section 8, Clause 4 of the United States Constitution gives Congress the power to enact legislation "(t)o establish . . . uniform Laws on the subject to Bankruptcies throughout the United States." The Due Process requirement of the Fifth Amendment, however, limits the exercise of this power by Congress. *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935).

Without going into excessive detail, *Radford, supra,* held violative of substantive due process an Act of Congress designed to aid farmers threatened with mortgage foreclosure during the depths of the Great Depression. The statute at issue in *Radford*, the Frazier-Lemke Act (48 Stat. 1289), gave the debtor the option of completely avoiding state law governing mortgages and foreclosures and substituted for state mortgage law its own procedure for remedying defaults on mortgages. The Court held the Frazier-Lemke Act void as depriving mortgagees of property rights without compensation in violation of the Fifth Amendment.

In the instant cases, Section 522(b) does not absolutely divest the creditor of all rights he has in the collateral; it merely allows the debtor to assert his exemptions prior to the creditor's liens. It thus does not affect property rights to the degree found invalid in *Radford.*

Three years after *Radford*, the Supreme Court decided *Wright v. Union Central Life Ins. Co.*, 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490 (1938), in which it again spoke on the collision of the bankruptcy and due process provisions of the Constitution. In *Wright* the Court validated a Bankruptcy Act provision that extended the period for redemption of foreclosed realty. In doing so, the Court elucidated an important principle applicable in these cases.

■ The Court stated that every mortgage contract implicitly acknowledges the power of Congress to modify it using its Constitutional authority to pass bankruptcy laws. Only the states, not Congress, are prohibited from impairing the obligation of contracts by Article 1, Section 10, clause 1 of the Constitution. *Sinking Fund Cases*, 99 U.S. 718, 25 L.Ed. 496 (1878). Applying this principle to the instant cases, this Court finds each of the security agreements at issue here also implicitly acknowledged the power of Congress to modify it under its bankruptcy power.

Having determined that Congress could alter the terms of the security agreements at issue here under its bankruptcy power, the Court now must decide if the modification comports with due process. Again, *Wright, supra,* gives guidance.

■ *Wright* rejected the argument that Congress had no power to alter property rights normally regulated by the States. The Court noted that bankruptcy proceedings constantly modify and affect property rights established by state law. The Court gave as an example a bankruptcy court's power to upset preferential transfers otherwise valid under state law. Addressing the due process question, the Court held it is only when Congress attempts to alter the

quality of the property rights created by state law that the federal action becomes a deprivation of property without due process.

Section 522(f) does not change the quality of the creditor's property rights; it only limits their exercise when they would impede the exercise of the debtor's exemptions. As such, Section 522(f) operates more like the bankruptcy court's power to void preferential transfers than the sweeping abrogation of state law created property rights found invalid in *Radford*.

One Court of Appeals has ruled on the constitutionality of Section 522. In *Rodrock v. Security Industrial Bank*, 642 F.2d 1193, 7 B.C.D. 344 (10th Circuit, 1981), the Tenth Circuit held Section 522 unconstitutional as applied to security interests acquired by a creditor before the passage of the Reform Act by Congress and before the President signed the Act into Law. While a Tenth Circuit decision does not bind this Court, the case nevertheless merits some discussion. The Court, in *Rodrock*, based its decision almost entirely on the reasoning in *Radford*. In doing so the Court did not, as this Court does, take into account the later decision in *Wright* which further defines *Radford's* holding. With due respect this Court disagrees with the Tenth Circuit and believes the reasoning set forth in this opinion best reconciles the requirements of due process with Congress's plenary power over bankruptcy.

■ This Court, therefore, finds Section 522(f) compatible with the Fifth Amendment's due process requirement. Since each of these security agreements implicitly recognized the power of Congress to modify their terms through exercise of its bankruptcy power, this Court also holds Section 522(f) applicable to security agreements entered into before the passage of the new Bankruptcy Code, those entered into in the interim between the law's passage and its effective date, and those entered into after the law became effective.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 752 of the Rules of Bankruptcy Procedure.