**In the Matter of Gerald L. AYCOCK, Jr., and Yvonne C. Aycock, Debtors.**

**G. Lamar AYCOCK, Jr., and wife, Yvonne Aycock, Plaintiffs,**

**v.**

**The HERITAGE BANK, Defendant.**

**Bankruptcy No. 81–01240–8. Adv. No. 81–0589–AP.**

United States Bankruptcy Court, E. D. North Carolina.

Nov. 13, 1981.

Michael P. Flanagan, New Bern, N. C., for The Heritage Bank.

Michael P. Peavey, Wilson, N. C., for debtors.

## OPINION AND ORDER

THOMAS M. MOORE, Bankruptcy Judge.

This matter comes on to be heard upon the complaint to avoid the lien of The Heritage Bank in the debtors' farm equipment which was filed on July 7, 1981.

After considering all the evidence, this Court finds the facts to be as follows:

### FINDINGS OF FACT

Gerald Lamar Aycock, Jr., in addition to working at a dairy and delivering mail as a subrural mail carrier, is also a farmer. His wife, Yvonne Corbett Aycock, helps him in his farming operations. They own several items of farming equipment which secure an indebtedness owed to The Heritage Bank in the amount of Sixty-Nine Thousand Four Hundred Twenty-Three and 09/100 Dollars ($69,423.09). The indebtedness owed to The Heritage Bank resulted from several loan transactions which were eventually consolidated on December 10, 1980. The purpose of some of the loans was to enable the debtors to purchase some of the farm equipment.

On May 6, 1981, the debtors filed a joint petition under Chapter 13 of the Bankruptcy Code. Included with their schedules was a Schedule B-4 in which the debtors claimed exemptions in the farm equipment in the amount of Sixteen Thousand Five Hundred & No/100 Dollars ($16,500.00) pursuant to 11 U.S.C. § 522(d)(6) and § 522(d)(5). The Heritage Bank filed objections to the exemptions and a complaint for relief from the stay on July 6, 1981, (Adversary Proceeding No. 81–0581–AP). The debtors then initiated this action to avoid The Heritage Bank's lien in the farm equipment pursuant to 11 U.S.C. § 522(f)(2)(B).

### ISSUES

The initial issue before the Court is whether Section 522(f) of the Bankruptcy Code applies in a Chapter 13 case. If it does apply, the remaining issues are (1) whether "tools of the trade" include farming equipment; (2) what is the nature of the lien of The Heritage Bank in the farming equipment, i.e., purchase money or non-purchase money; and (3) to what amount may the lien be avoided by Section 522(f)(2)(B).

### CONSIDERATION OF ISSUES

Section 522(f), in part, provides that a debtor may avoid the fixing of a nonpossessory, nonpurchase-money security interest in tools of the trade of the debtor or of a dependent of the debtor to the extent that the lien impairs an exemption to which the debtor would be entitled. 11 U.S.C. § 522(f)(2)(B). If the case is subsequently dismissed, the lien is reinstated. 11 U.S.C. § 349(b)(1)(B).

Several bankruptcy courts have held that Section 522(f) does apply in Chapter 13 cases by virtue of Section 103(a) of the Bankruptcy Code. *Matter of Lantz*, 7 B.R. 77 (Bkrtcy., S.D.Ohio 1980); *In re Jordan*, 5 B.R. 59 (Bkrtcy., N.J.1980); *In re Ohnstad*, 6 B.C.D. 6 (Bkrtcy., S.Dak.1980).

Generally, Chapters 1, 3 and 5 of the Bankruptcy Code apply in a case under Chapters 7, 11 and 13. 11 U.S.C. § 103(a). However, the provisions of Chapter 13 apply only in a case under Chapter 13. 11 U.S.C. § 103(h). Where a specific provision of Chapter 13 conflicts with a general provision of Chapters 1, 3 or 5, the specific provision controls and should be interpreted as an exception to the general provision. *Matter of Thornhill Way I*, 636 F.2d 1151 (7th Cir. 1980); *Castaneda-Gonzalez v. Immigration & Naturalization Service*, 564 F.2d 417 (D.C.Cir.1977).

There are several instances where specific provisions of Chapter 13 clearly conflict with a general provision in Chapters 1, 3 or 5. The general provision of Section 521(3) of the Bankruptcy Code would require the Chapter 13 debtor to surrender to the trustee serving in the case all property of the estate. However, Section 1306(b) nullifies the effect of Section 521(3) by providing that the Chapter 13 debtor need not surrender possession of property of the estate,

unless required to do so by the plan or order confirming the plan.

In addition, Section 363 contains certain provisions relating to the trustee's right to use, sell or lease property of the estate. It does not distinguish between a Chapter 7 trustee and a Chapter 13 trustee. However, the Chapter 13 trustee does not have these rights. The specific provisions of Section 1303 and 1304 give these rights to the Chapter 13 debtor "exclusive of the trustee."

Although Section 522(f) provides that the debtor may avoid the fixing of a lien on the debtor's interest in certain property, Section 1325(a)(5)(B) conflicts by mandating that the plan contain a provision for the retention of the lien of a nonaccepting holder of a secured claim, provided for in the plan, in order for the Court to confirm the plan.

A claim is a secured claim to the extent of the value of the collateral and is unsecured for the balance of the claim. 11 U.S.C. § 506(a). To the extent that the claim is unsecured, the lien is void. 11 U.S.C. § 506(d). Furthermore, if the secured claim is paid under the plan, the debtor is entitled to have the lien cancelled or an order entered restraining the creditor from enforcing his lien.

Although Chapter 7 and Chapter 13 have identical goals, *i.e.*, equitable distribution to creditors and providing the debtor with a "fresh start," the means of achieving those goals are different. In a Chapter 7 case, the debtor must surrender his nonexempt assets for liquidation and sale by the trustee. Under Chapter 13, the debtor agrees to repay his creditors over an extended period of time with a portion of his future income.

The two most important aspects of insuring a "fresh start" to the debtor are by providing the debtor with sufficient property for a return to normal life and by discharging his debts. In a Chapter 7 case, this is accomplished by permitting the debtor to exempt property from property of the estate under Section 522, by permitting him to redeem property under Section 722 and by granting him a discharge of his debts under Section 727 of the Code. In a Chapter 13 case, his "fresh start" is insured by the confirmation of the plan, the effect of which is to vest all property of the estate in the debtor, 11 U.S.C. § 1326(b), and by the broader discharge of his debts upon successful completion of the plan. Therefore, the benefits to the debtor of developing a plan of repayment under Chapter 13, rather than opting for liquidation under Chapter 7, are that Chapter 13 permits the debtor to protect and keep all his assets while also obtaining a broader discharge.

In a Chapter 7 case, debts for obtaining money, property, or services by false pretenses, a false representation or actual fraud, or by the use of a written false financial statement are not discharged. Debts for fraud or defalcation while acting in a fiduciary capacity, for embezzlement or larceny, for willful and malicious injury to property and for certain educational loans are also not discharged. However, these same debts are discharged in a Chapter 13 case upon the successful completion of the plan.

The Chapter 13 debtor is required to file a list of his creditors, schedules of assets and liabilities, and a statement of his financial affairs. 11 U.S.C. § 521(1). He is also required to file a plan. 11 U.S.C. § 1321. Section 1325(a)(4) provides that the Court confirm the plan if it finds that the value of the property to be distributed under the plan on each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. Only in regards to this section of the Code is the Chapter 13 debtor required to file a Schedule B–4 entitled "Property Claimed as Exempt."

## CONCLUSIONS

■ This Court concludes that a debtor in a Chapter 13 case is not entitled to exempt property from property of the estate under Section 522(b). Therefore, there can be no impairment of an exemption. Accordingly, this Court further concludes that Section 522(f) is not applicable in a case under Chapter 13. This decision does not affect the debtors' rights to a determi-

nation of the value of the collateral or to the cancellation of the lien to the extent that the claim of the creditor may exceed the value of the property or to the extent that the claim is paid under the plan. 11 U.S.C. § 506(d) and 11 U.S.C. § 1327(c).

Since this Court has concluded that Section 522(f) does not apply in a Chapter 13 case, it is unnecessary for the Court to consider the remaining issues in this proceeding; now therefore,

IT IS ORDERED that the debtors' complaint to avoid the lien of The Heritage Bank in the debtors' farm equipment be, and the same hereby is, dismissed.