In the Matter of Jack L. HITTS, Sr., Yvonne C. Hitts, Debtors/Plaintiff.

General Finance Corporation, Defendants.

Bankruptcy No. HG 81–01836.

Adv. No. 81–01018.

United States Bankruptcy Court, W. D. Michigan.

June 15, 1982.

Steven Carpenter, Grand Rapids, Mich., for debtors.

James Booth Burr, Jr., Grand Rapids, Mich., for creditor.

## OPINION RE: SECURITY AGREEMENT NONPOSSESSORY, NONPUR-CHASE–MONEY SECURITY INTER-EST

LAURENCE E. HOWARD, Bankruptcy Judge.

In this adversary proceedings, Jack L. Hitts, Sr. and Yvonne C. Hitts, Debtor-Plaintiffs, seek to set aside a nonpossessory, nonpurchase-money security interest pursuant to 11 U.S.C. Section 522(f).[1] The Hitts entered into a series of lending transactions with defendant, General Finance Corporation of Michigan, beginning in 1972 through November 1979. The issue presented is whether the security agreement is a 1972 agreement or a 1979 agreement. If the agreement is in 1979, the lien is avoidable under Section 522(f). However, if the security agreement relates back to 1972, the issue of lien avoidance as to a transaction occurring before November 6, 1978, will be held in abeyance pending the Supreme Court's decision in *Rodrock v. Security Industrial Bank*, 642 F.2d 1193 (10th Cir. 1981), *prob. juris. noted*, —— U.S. ——, 102 S.Ct. 969, 71 L.Ed.2d 108 (1981). The facts have been stipulated and briefs submitted.

On November 15, 1973, Debtors obtained a loan from defendant of $1,078.16, and granted General Finance Corporation a nonpossessory, nonpurchase-money security interest in their household goods. General Finance Corporation had previously filed a financing statement perfecting its security interest with the Kent County Register of Deeds on January 12, 1972. On March 3, 1974, Debtors obtained a second loan from defendant of approximately $1,191.49. The parties have stipulated that a portion of the new loan proceeds was used to pay off the remaining balance of the prior loan, and Debtors actually received $160.00. A new security agreement was entered into which granted the creditor a security interest in their household goods. General Finance Corporation did not refile, but relied upon the prior financing statement.

The facts, as stipulated, show that ten loans were obtained. Each time a portion of the new loan proceeds was used to pay off the prior loan, and Debtors received some additional cash. New security agreements were signed for each loan granting the creditor a security interest in household goods.

The Hitts obtained the tenth loan for approximately $3,000.00 on November 12, 1979. A portion of the loan proceeds was issued to pay off the remaining balance of the prior loan, and the Debtors received about $256.00. Debtors granted General Finance Corporation a new non possessory, nonpurchase-money security interest in certain household goods owned at the time of the transaction. The creditor did not refile, but relied upon a prior financing statement. The Hitts subsequently made payments on this final loan. On April 29, 1981, Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code.

In this case, the Debtors can properly avoid the security interest. The original obligation has been extinguished, and replaced by an agreement that was entered into subsequent to the enactment of the new Code. The loan on November 13, 1979, constituted a novation. The intent of the parties was to create a new debt and a new security interest superseding earlier agreements. That intent can be found in the facts that a new security agreement was entered into each time, the old loans were paid off and additional money given, and the prior obligations were not mentioned in

---

1. Section 522(f) provides in part:
   (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
   (1) a judicial lien; or
   (2) a nonpossessory, nonpurchase-money security interest in any—
   (A) Household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

the new agreements. The facts, as stipulated, indicate that each loan was a new and separate agreement. See *In re Ward*, 14 B.R. 549, 553 (D.Ct.Ga., 1981).

This is not a situation where the creditor can argue that the subsequent loans were renewals that relate back to 1972. The security agreement does not state it is a renewal, and does not recite the original loan or date. Compare *Thorp Finance v. Hodgins*, 73 Mich.App. 428, 432, 251 N.W.2d 614 (1977). Even if these transactions were a renewal of the initial loan and security agreement, the interest would be avoidable under Section 522(f). Since the last agreement was executed after the effective date of the Code, the defendant is charged with notice of the avoiding authority of Section 522(f), and the agreement is subject to that power. See *In re Alston*, 7 B.C.D. 894, 11 B.R. 184, 187 (Bkrtcy.W.D.Tenn.1981); *In re Ward, supra* at 562.

Therefore, since the creditor entered into a nonpossessory, nonpurchase-money security agreement on November 13, 1979, subsequent to the enactment of the Code, that agreement can properly be avoided pursuant to Section 522(f).

An Order may be entered avoiding the defendant's security interest.

ORDER RE: SECURITY AGREEMENT NONPOSSESSORY, NONPURCHASE–MONEY SECURITY INTEREST

An Opinion regarding the ability of this Chapter 13 debtor to avoid certain security interests under 11 U.S.C. Section 522(f) having been rendered, therefore, in accordance with said Opinion,

IT IS ORDERED that:

1.  The findings of Fact and Conclusions of Law as set forth in the Opinion are incorporated herein by reference and made a part hereof.
2.  11 U.S.C. Section 522(f) allows the debtor to avoid transactions entered into subsequent to the enactment of the Bankruptcy Reform Act of 1978.
3.  The defendant's liens on the plaintiffs' household goods are avoided.