**Robert Samuel BALDWIN and Patricia Anne Baldwin, Plaintiffs-Appellants,**

v.

**AVCO FINANCIAL SERVICES and Household Finance Corporation, Defendants-Appellees.**

**Jeffrey Allen MORGAN and Lorraine Agnes Morgan, Plaintiffs-Appellants,**

v.

**HOUSEHOLD FINANCE CORPORATION, Defendant-Appellee.**

**Civ. A. Nos. 81–416, 81–568.**

United States District Court, D. Delaware.

Aug. 16, 1982.

Suzanne Curran Donovan, Jacobs & Crumplar P. A., Robert Jacobs, Wilmington, Del., for Robert Samuel Baldwin and Patricia Anne Baldwin.

Barbara James, UAW Legal Services Plan, Wilmington, Del., for Jeffrey Allen Morgan and Lorraine Agnes Morgan.

Elwyn Evans, Jr., Wilmington, Del., for Avco Financial Services and Household Finance Corp.

OPINION

MURRAY M. SCHWARTZ, District Judge.

This is an appeal from orders of the Bankruptcy Court dated August 4, 1981 and November 18, 1981. On April 29, 1981, appellants Robert and Patricia Baldwin filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. Among their unsecured debts were $5952 owed to Avco Financial Services (Avco) and $1860 owed to Household Finance Corporation (HFC). Appellants' amended plan proposed to pay ten percent of these debts, along with their other unsecured debts. On June 29, 1981, appellants filed a Complaint for Avoidance of Avco's and HFC's liens under 11 U.S.C. § 522(f). That section permits avoidance of liens to the extent that they impair an exemption to which debtors are entitled under 11 U.S.C. § 522(d). On August 4, 1981, the Bankruptcy Court awarded judgment on the complaint to Avco and HFC, holding that 11 U.S.C. § 522 does not apply to Chapter 13 proceedings. Appellants filed a notice of appeal on August 13, 1981.

In June of 1981, appellants Jeffrey and Lorraine Morgan filed a voluntary petition under Chapter 13. On August 27, 1981, they filed a complaint to avoid HFC's lien on their household goods. The Bankruptcy

Court granted HFC's motion to dismiss the complaint on November 18, 1981, relying on its decision in *Baldwin*. On November 25, 1981, the Morgans filed an appeal of that order. This Court consolidated the two appeals on January 6, 1982.

The narrow question presented by these appeals is whether the provisions of section 522, and particularly section 522(f), apply to bankruptcy proceedings brought under Chapter 13. No district court to date has addressed this issue, and the bankruptcy courts which have considered the issue have reached conflicting results.[1] In this case, the Bankruptcy Court reasoned that exemptions are not important in a Chapter 13 proceeding because in Chapter 13 cases a debtor remains in possession of his property. It therefore held that no part of section 522 is available to a Chapter 13 debtor.

Section 522(f) of Chapter 5 of the Bankruptcy Code provides in pertinent part:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor....

11 U.S.C. § 522(f). Nothing in section 522(f) explicitly limits its application to

Chapter 7 proceedings. In fact, in section 103(a), the Bankruptcy Code expressly makes Chapters 1, 3, and 5 applicable to all bankruptcy proceedings.[2]

Some bankruptcy courts have relied on section 103(a) alone in holding section 522(f) applicable to Chapter 13 proceedings. *See In re Jones*, 20 B.R. 258, 258 (Bkrtcy.W.D.Ky.1981); *In re Canady*, 9 B.R. 428, 430 (Bkrtcy.D.Conn.1981); *In re Primm*, 6 B.R. 142, 148 (Bkrtcy.D.Kan.1980); *In re Jordan*, 5 B.R. 59, 61 (Bkrtcy.D.N.J.1980). As one court has noted, however, such "blanket reliance on 11 U.S.C. § 103 [is] disingenuous." *In re Mattson*, 20 B.R. 382, 384 (Bkrtcy.W.D.Wisc.1982). Section 103(a) does not make all sections of the Code applicable to all bankruptcy proceedings; when there is a conflict between the general provisions of Chapters 1, 3, or 5 and specific provisions of Chapters 7, 11, or 13, the specific chapters must govern.[3] *Id.; see In re Corden*, 19 B.R. 552, 553 (Bkrtcy.M.D.Fla.1982); *In re Aycock*, 15 B.R. 728, 729 (Bkrtcy.E.D.N.C.1981).

Appellees Avco and HFC contend that section 522(f) conflicts directly with section 1325(a)(5). That section provides in pertinent part:

(a) The court shall confirm a plan if—

. . . . .

(5) with respect to each allowed secured claim provided for by the plan—

. . . . .

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim....

11 U.S.C. § 1325(a)(5)(B)(i). Appellants argue that permitting debtors to exempt certain property from liens under section

---

1. At least four bankruptcy courts have simply permitted section 522(f) to apply to Chapter 13 proceedings without any legal analysis at all. *See In re Hitts*, 21 B.R. 158 (Bkrtcy.W.D.Mich. 1982) (available July 25, 1982, on LEXIS, Bankr. library, Cases file); *In re Mckay*, 15 B.R. 1013 (Bkrtcy.E.D.Pa.1981); *In re Graham*, 15 B.R. 1010 (Bkrtcy.E.D.Pa.1981); *In re Clayborn*, 11 B.R. 117 (Bkrtcy.E.D.Tenn.1981).

2. Section 103(a) provides: "Except as provided in section 1161 of this title, chapters 1, 3, and 5

of this title apply in a case under chapter 7, 11, or 13 of this title." 11 U.S.C. § 103(a).

3. For instance, section 1306(b), which permits the debtor in a chapter 13 proceeding to remain in possession of all property of the estate, nullifies section 521(3), which requires the debtor to surrender all property of the estate to the trustee. *Compare* 11 U.S.C. § 1306(b) *with* 11 U.S.C. § 521(3); *see In re Aycock*, 15 B.R. 728, 729–30 (Bkrtcy.E.D.N.C.1981).

522(f) would violate this section, because the plan would not retain those liens. At least one bankruptcy court has agreed with this analysis. *See In re Aycock*, 15 B.R. 728, 730 (Bkrtcy.E.D.N.C.1981).

A careful reading of these two sections, demonstrates, however, that they do not conflict. Section 1325(a)(5) refers to "each allowed secured claim." If a lien is avoided under section 522(f), it cannot be an allowed secured claim, but rather becomes an unsecured claim not covered by section 1325(a)(5).[4] *See In re Mattson*, 20 B.R. 382 (Bkrtcy.W.D.Wisc.1982); *In re Bowles*, 8 B.R. 394 (Bkrtcy.S.D.Ohio 1981); *In re Lantz*, 7 B.R. 77 (Bkrtcy.S.D.Ohio 1980). In effect, section 522(f) modifies the priority rules so that the debtor receives a right in the property superior to the nonpossessory, nonpurchase money security interest of the creditor. *See In re Phillips*, 13 B.R. 82, 85 (Bkrtcy.C.D.Ill.1981).

Appellees further contend that the significant differences between proceedings under Chapter 7 and proceedings under Chapter 13 render section 522(f) superfluous in Chapter 13 proceedings. In particular, appellees focus on the fact that in Chapter 13 proceedings, the debtor retains possession of his property and pays his creditors from future earnings. In contrast, a debtor proceeding under Chapter 7 surrenders all property to the trustee except for that which is exempt. Thus, Chapter 13 provides a significant benefit to the debtor in that he may retain his assets, and at the same time may obtain a broader discharge of his debts than that provided under Chapter 7.[5] *See In re Aycock*, 15 B.R. 728, 730 (Bkrtcy.E.D.N.C.1981). Appellees contend that there is no particular benefit to a Chapter 13 debtor in avoiding this type of lien. *See In re Sands*, 15 B.R. 563, 564 (Bkrtcy.M.D.N.C.1981).

The Court disagrees with these contentions. Although there are differences between Chapter 7 and Chapter 13, these differences should not have the effect of eliminating the protection of section 522(f). Even though the debtor remains in possession of the property, the avoidance power of section 522(f) still permits the debtor to protect his household goods against creditors who could otherwise repossess them. *See generally* 5 *Collier on Bankruptcy* ¶ 1300.81 (15th ed. 1981). Congress intended to relieve debtors from harassment and pressure from creditors regarding such household goods, and this strong interest is equally present in Chapter 7 and Chapter 13 proceedings. *See In re Hagerman*, 9 B.R. 412, 413–14 (Bkrtcy.W.D.Mo.1981). As the House Judiciary Committee noted in its report on the Bankruptcy Reform Act of 1978:

> In consumer cases, very often a secured creditor with a security interest in all of the debtor's property, including household and personal goods, uses the threat of foreclosure to obtain a reaffirmation of a debt. Otherwise, the secured creditor is able to deprive a debtor of even the most insignificant household effects, including furniture, cooking utensils, and clothing, even though the items have little if any realizable market value. However, the goods do have a high replacement cost, and thus the creditor is able to use the threat of repossession, rarely carried out, to extract more than he would be able to if he did foreclose or repossess.

H.R.Rep.No.595, 95th Cong., 2d Sess. 127, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5963, 6088. The Court perceives no reason for penalizing a Chapter 13 debtor by subjecting him to this kind of collection tactic when Congress obviously intended to alleviate this pressure. A finance compa-

---

**4.** A "security interest" is defined in the Bankruptcy Act as a "lien created by an agreement." 11 U.S.C. § 101(37). A "lien" is defined as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(28). Once a lien is avoided, by definition the party can no longer be considered to have a security interest in the property at issue and must therefore be unsecured to the extent of the avoidance.

**5.** For instance, certain debts for obtaining money, property, or services by false pretenses or for some educational loans, among others, are not discharged in a Chapter 7 case. *See generally* 11 U.S.C. § 727.

ny's threat of seizure of exempt property to force a reaffirmation of a debt gives a hollow ring to the "fresh start" promise of the bankruptcy laws.

Finally, the Court notes that precluding Chapter 13 debtors from taking advantage of section 522(f)'s provisions would significantly affect the desirability to file under Chapter 13, both because of the psychological value to the debtor who completes a debt repayment plan and the financial advantage to the creditor who receives more payment than under a Chapter 7 proceeding. *See* S.Rep.No.989, 95th Cong. 2d Sess. 13, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5799. If this Court were to alter the balance established by Congress and make Chapter 7 more attractive to debtors because it alone enables them to protect their household goods against creditors' claims, it could well occur that more debtors would opt for Chapter 7 rather than Chapter 13, a much less desirable alternative from the creditors' point of view. Moreover, a conclusion that section 522(f) is applicable to Chapter 13 proceedings does not mean every valid lien is destroyed. To the contrary, avoidance of a lien is limited to personalty both claimable as exempt and within the monetary valuation limits of the exemption and then only to the extent that the value of the collateral does not exceed that valuation limit.

Based on its examination of the statute and its legislative history, I hold that the Bankruptcy Court erred in ruling that section 522(f) does not apply to Chapter 13 proceedings, and will remand to the Bankruptcy Court for further proceedings in conformance with this opinion. An appropriate order will issue.