**In re Leonard E. SMITH, Debtor.**

**Leonard E. SMITH, J. Sam Plowden, Trustee, Plaintiffs,**

v.

**TERRELL CONTRACTING COMPANY; The Diners Club; The Tuition Fund; First State Bank and Trust Company, as Executor under the Last Will and Testament of Joe Malone; Henry Cohen; Rich's, Inc.; The C & S Bank of Albany; The First National Bank of Albany, The United States of America (IRS), Defendants,**

**and**

**Marion K. Smith, Intervenor.**

**Bankruptcy No. 81–01121A.**
**Adv. No. 81–2217A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Aug. 23, 1983.

Robert T. Efurd, Jr., Atlanta, Ga., for debtor/plaintiff.

J. Sam Plowden, Atlanta, Ga., Trustee.

Lenore DiStefano, Atty., Tax Div., Dept. of Justice, Washington, D.C., James E. Baker, U.S. Atty., Atlanta, Ga., Clayton Jones, Jr., Albany, Ga., for defendants Cohen and Lorig.

Sherman Willis, Jesse Stone, Albany, Ga., for First State Bank & Trust and First National Bank of Albany.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the debtor's objection to the proof of claim of the Internal Revenue Service. On July 12, 1983, this Court held a hearing on the debtor's objection, and the matter was taken under advisement. At that hearing, the government raised a procedural objection as to the pleadings. This Court finds that the government's objection is not fatal to the debtor's case.

The IRS had a claim against the debtor's estate, and that claim was supported by a federal tax lien. The IRS' claim, however, was provided for in the debtor's Chapter 13 plan as a secured claim. Because the claim was provided for in the plan, the IRS is bound by this Court's discharge of debtor on May 19, 1983. While a lien may pass through the bankruptcy case unaffected under § 506(d) of the Bankruptcy Code, this is true only to the extent that the claim is not an allowed claim. 11 U.S.C. § 506(d). Moreover, if the secured claim is paid under the plan, the debtor is entitled to have the lien cancelled. *In the Matter of Aycock*, 15 B.R. 728, 5 CBC 2d 856 (Bkrtcy. E.D.N.C.1981). Thus, as this debtor is enti-

tled to have the IRS tax lien cancelled, and the IRS claim was provided for in the debtor's plan, § 506(d) does not shelter this lien through the bankruptcy case.

■ The IRS, by holding the debtor's 1981 income tax withholdings of $2,545.85, is in violation of the automatic stay of § 362(a)(7) of the Bankruptcy Code. *In re Mealey,* 16 B.R. 800, 5 CBC 2d 1345 (Bkrtcy. E.D.Pa.1982). By holding this income tax withholding of the debtor, the government is attempting to exercise a setoff against the debtor's tax liabilities. In its own brief, the government admits that it has no setoff right with respect to any post-petition withholding. See IRS' brief at 2. As to the debtor's prepetition withholdings, the United States Supreme Court has held that § 542(a) authorizes the Bankruptcy Court to order the IRS to turn over seized property. *United States v. Whiting Pools, Inc.,* —— U.S. ——, 103 S.Ct. 2309, 76 L.Ed.2d 515, 1983. Therefore, the debtor is entitled to the fund held by the IRS that constitutes 1981 income tax withholdings.

Therefore, for the above-stated reasons, the objection of the debtor to the IRS' claim is allowed, and the IRS is hereby ordered to turn over to the debtor $2,545.85 of 1981 income tax withholdings.

IT IS SO ORDERED.