In re Henry **DYKSTRA**, Carolyn Dykstra, Debtors.

Bankruptcy No. 87–00441S.

United States Bankruptcy Court, N.D. Iowa.

Sept. 29, 1987.

Don Molstad, Shuminsky, Shuminsky & Molstad, Sioux City, Iowa, for debtors.

Timothy Scherle, Wolff, Whorley, Dehoogh & Thompson, Sheldon, Iowa, for Sec. State Bank.

Carol Dunbar, Dunbar & Dunbar, Waterloo, Iowa, Trustee.

## FINDINGS OF FACT, CONCLUSION OF LAW AND ORDER RE: LIEN AVOIDANCE

MICHAEL J. MELLOY, Bankruptcy Judge.

The matter before the Court is the Debtors' motion to avoid the lien of Security State Bank (Bank). The Court, being fully advised, makes the following Findings of Fact, Conclusion of Law and Order pursuant to Fed.R.Bankr.P. 7052. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

## FINDINGS OF FACT

The following facts are stipulated by the parties:

1. Henry and Carolyn Dykstra (Debtors), as individuals, filed a petition under Chapter 12 of the Bankruptcy Code on February 24, 1987.

2. The Security State Bank has a valid security interest in farm equipment, described in Exhibit A, owned by the Debtors as of the date of the filing of their petition.

3. The lien of Security State Bank is a nonpurchase-money, nonpossessory interest.

4. The Debtors have claimed an exemption to the extent of $20,000 in the farm equipment subject to the Bank's lien.

5. The Debtors, in their Substituted and Amended Plan of Reorganization, have reduced the Bank's secured claim by $20,000 to reflect avoidance of the lien on the Debtors' property claimed as exempt.

6. On June 10, 1987, the Debtors filed a motion to avoid the Bank's lien to the extent of $20,000 pursuant to 11 U.S.C. § 522(f).

7. The Bank filed an objection to the Debtors' Substituted and Amended Plan, objecting, among other things, to avoidance of their lien on Debtors' farm equipment.

## DISCUSSION

The Bank contends that Chapter 12 does not permit the debtor to avoid a nonpossessory, nonpurchase-money lien pursuant to 11 U.S.C. § 522(f). The issue of applicability of the lien avoidance provision in a Chapter 12 case is one of first impression. Consequently, it must be analyzed on the basis of the following: (1) the purpose behind the lien avoidance provision, (2) applicability of 11 U.S.C. § 522(f)

in Chapter 13 cases, and (3) the legislative history of Chapter 12.

### Purpose Of 11 U.S.C. § 522(f)

The Bankruptcy Act of 1898, which was repealed in 1978, contained no provision for the avoidance of liens by debtors. Under that Act, creditors were permitted to enforce blanket nonpurchase-money security interests in debtor's household goods. These blanket security clauses were used to encumber as much of the debtor's property as possible without regard to the relationship between the values of the property and the loan amount. Note, *Avoiding Liens Under The New Bankruptcy Code: Construction And Application of Section 522(f)*, 15 U.Mich.J.L.Ref. 577 n. 2 (1982), citing Federal Trade Commission, *Report of the Presiding Officer on Proposed Trade Regulation Rules: Credit Practices* 131, 133 (1973). The purpose behind securing these liens was not to provide the creditor with redeemable collateral but to frighten the debtor into repayment by threatening him with the loss of his household belongings. *Id.*

Congress attempted to remedy this situation in 1978 by providing debtors with a lien avoidance right. Section § 522(f) of the Bankruptcy Code provides:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor:

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

In addition to alleviating pressure from creditors, Congress intended that this provision allow debtors to retain enough property to make a fresh start after discharge. *In re Hall*, 752 F.2d 582, 588 (11th Cir. 1985). Congress was also concerned that a balance be maintained between debtors and creditors. *In the Matter of Thompson*, 750 F.2d 628, 631 (8th Cir.1984). The lien avoidance provision was not deemed applicable to all property otherwise exempt, but only to items described in subsections (A), (B), and (C) above. *Id.* It is clear that, if the items claimed by the debtor constitute exempt property, the lien could be avoided to the extent of $20,000 had the case been filed under Chapter 7 of the Bankruptcy Code. *See In re Punke*, 68 B.R. 936 (Bankr.N.D.Iowa 1987); Iowa Code § 627.6(11) (1987).

### Lien Avoidance In Chapter 13

The courts which have addressed the applicability of § 522(f) in Chapter 13 cases are not in agreement. At least four bankruptcy courts, including this Court, have permitted § 522(f) to apply to Chapter 13 cases without legal analysis. *In re Hitts*, 21 B.R. 158 (Bankr.W.D.Mich.1982); *In re McKay*, 15 B.R. 1013 (Bankr.E.D.Pa.1981); *In re Graham*, 15 B.R. 1010 (Bankr.E.D. Pa.1981); *In re Clayborn*, 11 B.R. 117 (Bankr.E.D.Tenn.1981); *In re Ulrich*, No. 85–01042C (Bankr.N.D.Iowa March 3, 1986). Other courts have relied solely on Bankruptcy Code § 103(a) in allowing Chapter 13 debtors to avoid liens pursuant to § 522(f). Section 103(a) provides: "Except as provided in § 1161 of this title, Chapters 1, 3, and 5 of this title apply in a case under Chapter 7, 11, 12, or 13 of this title." *In re Jordon*, 5 B.R. 59 (Bankr.D. N.J.1980); *In re Primm*, 6 B.R. 142 (Bankr.D.Kan.1980); *In re Canady*, 9 B.R. 428 (Bankr.D.Conn.1981). Yet another group of courts has gone further to analyze the issue of whether or not there is a conflict between § 522(f) and § 1325(a)(5)(B)(i). A general rule of statutory construction is that where two provi-

sions in a statute conflict, the more specific one will control. *Matter of Thornhill Way I*, 636 F.2d 1151 (7th Cir.1980). Section 1325(a)(5)(B)(i) states that a Chapter 13 plan can only be confirmed if it provides for the retention of liens held by secured creditors.

The overwhelming majority of courts addressing the issue of conflicting code provisions has determined that there is no conflict between § 522(f) and § 1325(a)(5)(B)(i). *Baldwin v. Avco Financial Services*, 22 B.R. 507 (Bankr.D.Del.1982); *In re Mattson*, 20 B.R. 382 (Bankr.W.D.Wis.1982); *Matter of Lantz*, 7 B.R. 77 (Bankr.S.D.Ohio 1980); *In re Lincoln*, 26 B.R. 14 (Bankr.W.D.Mich.1982); *In re Mitchell*, 25 B.R. 406 (Bankr.N.D.Ga.1982); *In re Cameron*, 25 B.R. 410 (Bankr.N.D.Ga.1982); *In re Thurman*, 20 B.R. 978 (Bankr.W.D.Tenn.1982). The rationale for this is that once a lien has been avoided pursuant to § 522(f), the once secured claim becomes an unsecured claim, and therefore § 1325(a)(5)(B)(i) does not apply. *Mattson*, 20 B.R. at 384. Additionally, the legislative history was found to be void of any Congressional intent to deny the use of § 522(f) in a Chapter 13 case. *Lincoln*, 26 B.R. at 15. As further support, a finding that § 522(f) does not apply in Chapter 13 cases would make Chapter 7 the more desirable proceeding, thus defeating the efforts of Congress to encourage greater use of Chapter 13. *Baldwin*, 22 B.R. at 510.

The leading case which found that § 522(f) and § 1325(a)(5)(B)(i) conflict is *In re Aycock*, 15 B.R. 728 (Bankr.E.D.N.C. 1981). The court stated:

Although Section 522(f) provides that the debtor may avoid the fixing of a lien on the debtor's interest in certain property, Section 1325(a)(5)(B) conflicts by *mandating* that the plan contain a provision for the retention of the lien of a non-accepting holder of a secured claim, provided for in the plan, in order for the court to confirm the plan. (Emphasis added).

This decision has been criticized and is thought to be an incorrect decision. *5 Collier on Bankruptcy*, ¶ 1300.81, 1300–158 (15th Ed.1987).

Another theory for not allowing a debtor in a Chapter 13 case to avoid liens pursuant to § 522(f) is that he keeps all of his property so there is no exemption which is being impaired. *In re Sands*, 15 B.R. 563 (Bankr.M.D.N.C.1981). However, *Collier's* states that a Chapter 13 debtor is entitled to claim the same exemptions as those allowed a Chapter 7 debtor, though exemptions are of less practical concern in a Chapter 13 proceeding than in a Chapter 7 liquidation. *Collier, supra* at 1300–157. The majority of courts have determined that exemptions are important to a Chapter 13 debtor. *In re Thurman*, 20 B.R. 978 (Bankr.W.D.Tenn.1982); *In re Ohnstad*, 6 B.C.D. 6 (Bankr.S.D.1980).

### Legislative History Of Chapter 12

The legislative history of Chapter 12 indicates that it was created because Congress felt that the bankruptcy system "did not afford an opportunity of financial rehabilitation to many family farmers since most of them had too much debt to qualify as debtors under Chapter 13 and many of them found the only remaining remedy, Chapter 11, to be needlessly complicated, unduly time-consuming, inordinately expensive, and, in too many cases, unworkable." *Bankr.Service L.Ed.*, Code Commentary and Analysis § 44.1:2 at 7 (1987), citing H.R. 958, 99th Cong., 2nd Sess., 132 Cong. Rec. H8986–(H)9002 (1986). Chapter 12 was closely modeled after Chapter 13 with changes being made in those provisions which were inappropriate for family farmers. *Id.*

The provisions of § 1225 are identical to those of § 1325. As the majority of courts have determined that there is no conflict between Code § 522(f) and § 1325(a)(5)(B)(i), it follows that there is no conflict between § 522(f) and § 1225(a)(5)(B)(i). Additionally, exemptions are important to Chapter 12 debtors who file as individuals.[1] J. Anderson & J. Mor-

---

**1.** Section 522(b) clearly states that only individual debtors may exempt property of the estate. This may explain why this Court could find no

case in which a Chapter 11 debtor attempted to avoid a secured creditor's nonpossessory, non-

ris, *Chapter 12 Farm Reorganizations,* § 5.16, 5–77 (1987). The legislative purposes of § 522(f) to protect debtors from unnecessary harassment of creditors and provide them with a fresh start should apply in Chapter 12 cases, the same as in Chapter 7 and Chapter 13 cases, where the family farmers are individual debtors.

## CONCLUSION OF LAW

The nonpossessory, nonpurchase-money lien of Security State Bank in the Debtors' farm equipment claimed as exempt is avoidable pursuant to 11 U.S.C. § 522(f).

## ORDER

Henry and Carolyn Dykstra, as individuals filing under Chapter 12 of the Bankruptcy Code, are entitled to avoid the nonpossessory, nonpurchase-money lien of Security State Bank in exempt farm equipment as described in Exhibit A to the extent of $20,000.