**In the Matter of Lyle W. LUCZAK and Dorothy Luczak, Debtors.**

**Bankruptcy No. MM7–81–01230.**

United States Bankruptcy Court, W. D. Wisconsin.

Jan. 19, 1982.

Richard R. Kobriger, Jr., Cramer, Multhauf & Curran, Waukesha, Wis., for debtors.

Jeffrey S. Schuster, Stupar, Gollin & Schuster, Milwaukee, Wis., for Thorp. Finance Co.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

On July 17, 1981, Lyle and Dorothy Luczak filed a petition in bankruptcy under chapter 7. Among the debts listed on their

petition was a sum of $3,096.00 owed to Thorp Finance Co. The Luczaks subsequently filed an application to avoid fixing Thorp's lien on a microwave oven, pursuant to 11 U.S.C. § 522(f). Thorp has objected to debtors' application to avoid fixing liens, claiming that its interest in the microwave oven is a purchase money security interest, exempted from the operation of 11 U.S.C. § 522(f).

Thorp advanced the Luczaks funds which enabled them to purchase the microwave oven on November 21, 1977. Pursuant to this transaction, the Luczaks executed a promissory note for $3,600.00. This far exceeded the $600.00 purchase price of the microwave oven. Thus, the microwave oven secured more than its purchase price. On several occasions since November 21, 1977, Thorp and the debtors refinanced the account to cure the delinquency and make the account current. The last of these refinancings occurred on September 30, 1980. The Luczaks also executed a security agreement, granting Thorp a security interest in the microwave oven.

11 U.S.C. § 522(f) allows a debtor to avoid the fixing of a lien to the extent that the lien impairs an exemption to which the debtor would have been entitled under 11 U.S.C. § 522(b), if the lien is a judicial lien or a non-possessory, non-purchase money security interest in household goods. The only issue in dispute is whether Thorp's interest in the microwave oven is a purchase money security interest and therefore not subject to avoidance under 11 U.S.C. § 522(f). Debtors claim that three characteristics of the transaction are each sufficient to prevent Thorp's lien from achieving purchase money security interest status. These characteristics are:

1. the security secures more than its purchase price;

2. the security agreement contained a future advance clause;

and

3. the account was refinanced.

The Bankruptcy Code does not define a purchase money security interest. Most courts have turned for guidance on the meaning of purchase money security interest to the Uniform Commercial Code, which has been enacted in Wisconsin. Wis.Stats. § 409.107 defines a purchase money security interest:

> A security interest is a "purchase money security interest" to the extent that it is:
> (1) Taken or retained by the seller of the collateral to secure all or part of its price; or
> (2) Taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used.

A number of courts have considered whether consolidation of several security agreements destroys the purchase money character of any one security agreement. The courts have held that under such an arrangement, each piece of security secures more than its own purchase price, and a purchase money security interest is destroyed. In *In Re Coomer*, 8 B.R. 351 (Bkrtcy.E.D.Tenn.1980) for example, a loan for new furniture was consolidated with a partially paid off pre-existing loan. The court held that when a creditor consolidates a purchase money loan with a non-purchase money loan, it effectively gives up its purchase money status unless there is some method provided for determining the extent to which each item of collateral secures its purchase money. In *In Re Krulik*, 6 B.R. 443 (Bkrtcy.M.D.Tenn.1980), the same result was reached in a situation where all the security agreements consolidated were originally purchase money security agreements. In this case, the debtors purchased furniture and household goods from the seller on several occasions. On each occasion, the seller retained a security agreement in the goods sold. On October 28, 1978, while there were still outstanding balances on each loan, the debtors and the seller executed a new security agreement which consolidated all of the loans. The seller was granted a security agreement in all of the furniture and goods which was to secure the consolidated indebtedness. The court held that the entire lien was subject

to avoidance as each piece of collateral secured more than its own purchase price. Such an arrangement was considered incompatible with a purchase money security interest.

In *In Re Coronado*, 7 B.R. 53 (Bkrtcy.D. Ariz.1980), debtors purchased furniture from the seller on December 28, 1978. The debtors executed a security agreement. In November, 1979, the debtors purchased a washer from the same seller. A new security agreement was entered which included both the washer and the previously purchased furniture. The court held that the security interests in both the furniture and the washing machine were not purchase money security interests. The court was concerned with the impossibility of apportioning payments on the consolidated loan between each item's purchase price. Further, the security agreement did not provide for the release of any security until the loan had been paid off.

The dominant concern in all of these cases is the impossibility of apportioning the payments which have been made among the various purchase prices of the collateral. Thus, it is impossible for a debtor to know when the purchase price of any given item has been paid.

In *In Re Slay*, 8 B.R. 355 (Bkrtcy.E.D. Tenn.1980) demonstrates that courts are concerned with consolidation because of the apportionment problems created. In *Slay*, two purchase money secured loans were consolidated. After consolidation, no payments were made. The court ruled that the purchase money character of the security interest was retained because no apportionment problem existed. With no payments made after consolidation, there was nothing to apportion.

In the instant case, the Luczaks' original loan balance of $3,000.00 was consolidated with a purchase money loan for $600.00 for the microwave oven for several renewals. The debt to Thorp listed on the schedules is $3,012.00. It is apparent that some payments have been made. If the lien were allowed to fix, there would be no way of apportioning the $588.00 in payments made

between the original loan and the microwave oven loan. Therefore, the purchase money character of the security interest must be considered destroyed and debtors allowed to avoid Thorp's lien on the microwave. Judgment may be entered accordingly.