In re Alan CAMERON, Debtor.

Alan CAMERON, Plaintiff,

v.

GEORGIA CENTRAL BANK, Defendant.

Bankruptcy No. 82–02012A.
Adv. No. 82–1171A.

United States Bankruptcy Court,
N.D. Georgia.

Dec. 2, 1982.

Paul C. Parker, Decatur, Ga., for plaintiff.

James V. Burgess, Jr., Social Circle, Ga., for defendant.

## ORDER

**W. HOMER DRAKE, Bankruptcy Judge.**

After notice, on July 8, 1982, a trial was held on the debtor's May 11, 1982 complaint to avoid lien. The questions presented at this trial were: (1) whether the security interest at issue was a purchase-money security interest and (2) whether the provisions of 11 U.S.C. § 522(f) which allow a debtor to avoid a nonpossessory, nonpurchase-money security interest in certain consumer goods to the extent that said lien impairs an exemption to which the debtor would have been entitled are applicable to a Chapter 13 proceeding.

After hearing evidence and argument of counsel, the Court makes the following findings of fact and conclusions of law:

On November 18, 1980, Georgia Central Bank ("the Bank") loaned the debtor $2,500.00, of which $1,043.00 was advanced for the specific purpose of enabling the debtor to purchase certain items of household furniture from GKM Warehouse, Inc. of Social Circle, Georgia. A security agreement was executed and a financing statement filed resulting in the Bank's perfecting its security interest.

For the reason stated below, the Court finds that the Bank's loan to the debtor is not a purchase-money loan; and, consequently, the Bank does not have a purchase-money security interest. While it is true that a portion of the loan enabled the debtor to purchase certain household goods, a portion of the loan was also a consolidation of a preexisting debt. As one Court has stated,

> "When a lender consolidates a purchase-money loan with a nonpurchase-money loan, it effectively gives up its purchase-money status unless there is some method provided for determining the extent to which each item of collateral secures its purchase money. Lenders have known that for some time." *In re Coomer,* 8 B.R. 351, 355 (Bkrtcy.E.D.Tenn.1980); see

also *In the Matter of Luczak,* 16 B.R. 743 (Bkrtcy.W.D.Wisc.1982).

In the instant case, there has been no method shown which would enable the Court to determine the extent to which the new furniture secured only purchase money. Therefore, the security interest is nonpurchase money.

In *In re Mitchell,* Bkrtcy., 25 B.R. 406, Adversary Proceeding No. 82–0274A, this Court addressed the question of whether the provisions of § 522(f) of the Bankruptcy Code were applicable in a Chapter 13 proceeding. In *Mitchell,* the Court found that § 522(f) is applicable to Chapter 13 proceedings.

Therefore, the relief which the plaintiff seeks is granted and the Bank's security interest in "two rooms of furniture consisting of one bed, one nightstand, one dresser, one hutch, two-piece living room suite, (and) one 1978 Zenith TV" is hereby declared to be avoided as contemplated by 11 U.S.C. § 522(f).

IT IS SO ORDERED.