In re Jimmy Lee ALLRED, Jr., SS#: 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, Theresa Ann Merck Allred, SS#: 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, Debtors.

Bankruptcy No. S-84-00010-5.

United States Bankruptcy Court, E.D. North Carolina.

Jan. 11, 1985.

Terri L. Gardner, Raleigh, N.C., for debtors.

Dillard M. Powell, Cary, N.C., for BB & T.

Trawick H. Stubbs, Jr., New Bern, N.C., Trustee.

## MEMORANDUM OPINION AND ORDER

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the chapter 13 debtors' motion to avoid a judicial lien pursuant to 11 U.S.C. § 522(f)(1). A hearing was held in Raleigh, North Carolina on December 12, 1984.

## FACTS

The chapter 13 debtors, Jimmy Lee Allred and Theresa Ann Merck Allred, own a house in Cary, North Carolina, valued at $70,000. The balance of the first deed of trust is $45,000 leaving an equity of $25,000. The house is subject to the judicial lien of Branch Banking & Trust Company ("BB&T") in the amount of $62,798.67 plus interest. Under North Carolina General Statute § 1C–1601(a)(1), the debtors are entitled to an exemption in the house, which is their residence, in the amount of $15,000. The debtors have moved to avoid the BB&T lien under § 522(f)(1) to the extent of $15,000, and have proposed a plan requiring monthly payments of $350 for 5 years. The plan provides that, after distribution of plan proceeds to priority payments required by 11 U.S.C. § 507, BB&T will be paid $10,000 plus 13.5% interest as the holder of a $10,000 secured claim. The remaining proceeds will be paid *pro rata* to the debtors' two unsecured creditors, BB&T (deficiency claim) and Southern National Bank (claim of $14,000).

## DISCUSSION AND CONCLUSIONS

Until today, this court has held that 11 U.S.C. § 522(f) conflicts with the provisions of chapter 13 and that § 522(f) is not available to chapter 13 debtors. *Matter of Aycock*, 15 B.R. 728, 8 BCD 507 (Bankr.E.D. N.C.1981). We now join the near unanimous majority of courts (the only exception being *In re Sands*, 15 B.R. 563, 8 BCD 424 (Bankr.M.D.N.C.1981)) which have considered the issue and conclude that Congress intended § 522(f) to apply in cases under chapter 13 of the Bankruptcy Code. *In re Blake*, 38 B.R. 604 (Bankr.E.D.N.Y. 1984); *Transouth Fin. Corp. v. Paris*, 26 B.R. 184 (W.D. TN 1982); *Baldwin v. Avco Fin. Serv.*, 22 B.R. 507, 9 BCD 719 (D.C. DE 1982); *Matter of Mattson*, 20 B.R. 382 (Bank.W.D. WI 1982); *In re Cohen*, 13 B.R. 350, 7 BCD 1399 (Bankr.E.D. N.Y.1981); *Matter of Primm*, 6 B.R. 142

(Bankr. KA 1980); *Matter of Jordan,* 5 B.R. 59, 6 BCD 630 (Bankr.N.J.1980); *In re Bowles,* 8 B.R. 394 (Bankr.S.D. OH 1981); *In re Hagerman,* 9 B.R. 412, 7 BCD 542 (Bankr.W.D. MO 1981); *In re Lantz,* 7 B.R. 77, 7 BCD 371 (Bankr.S.D. OH 1980); *In re Lincoln,* 26 B.R. 14 (Bankr.W.D. MI 1982); *In re Coma,* 25 B.R. 103 (Bankr. W.D. PA 1982); *In re Mitchell,* 25 B.R. 406 (Bankr.N.D. GA 1982); *In re Cameron,* 25 B.R. 410 (Bankr.N.D. GA 1982); *In re Canady,* 9 B.R. 428, 7 BCD 749 (Bankr. CT 1981); *In re Hitts,* 21 B.R. 158 (Bankr. W.D. MI 1982); *In re McKay,* 15 B.R. 1013 (Bankr.E.D. PA 1981); *In re Graham,* 15 B.R. 1010 (Bankr.E.D. PA 1981); *In re Clayborn,* 11 B.R. 117, 7 BCD 843 (Bankr. E.D. TN 1981); *Matter of Snow,* 8 B.R. 113 (Bankr.S.D. OH 1980); *In re Brahm,* 7 B.R. 253 (Bankr.S.D. OH 1980); *In re Babineau,* 22 B.R. 936, 9 BCD 855 (Bankr. M.D. FL 1982); *In re Slykerman,* 29 B.R. 82, 10 BCD 1033 (Bankr.E.D. MI 1983); *In re Cowart,* 43 B.R. 110, 12 BCD 512 (Bankr.M.D. FL 1984); *In re Macias,* 9 B.R. 225, 7 BCD 360 (Bankr.N.D. IL 1981); *In re Rasmus,* 34 B.R. 9 (Bankr.M.D. FL 1983); and *In re Ohnstad,* 6 BCD 6 (Bankr. S.D.1980).

11 U.S.C. § 103 says that chapters 1, 3 and 5 of the Bankruptcy Code apply to cases under chapter 7, 11 or 13. In several instances, however, a general provision of chapter 1, 3 or 5 clearly conflicts with a specific provision of chapter 13, and the general provision does not apply. For example, the duty of the debtor under 11 U.S.C. § 521(3) to surrender property of the estate to the trustee conflicts with 11 U.S.C. § 1306(b) which permits the debtor to retain possession. It is not as clear, however, whether § 522(f) conflicts with the general scheme of chapter 13.

11 U.S.C. § 522(f) provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

The goal of § 522(f) is to preserve the debtor's "fresh start" by: (1) protecting the debtor from the pressure of creditors seeking reaffirmation agreements for debts secured by household goods; and, (2) by freeing exempt property for the benefit of the debtor and the debtor's dependents. H.R. Rep. No. 595, 95th Cong., 2d Sess. 127, 163 and 362 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. While § 522(f) may achieve those objectives in chapter 7 cases, in most chapter 13 cases (at least those filed with this court) debtors would receive no benefit from § 522(f).

Without § 522(f)(2), nonpurchase money, nonpossessory liens on household goods survive chapter 7 cases, and debtors could conceivably be pressured into signing reaffirmation agreements. In chapter 13 cases, however, liens on household goods do not survive bankruptcy, and § 522(f)(2) is not needed to prevent harassment. A chapter 13 debtor may satisfy liens by paying the value of the allowed amount of the secured claim (i.e., the value of the collateral under 11 U.S.C. § 506(a)) through the plan. 11 U.S.C. § 1325(a)(5)(B). The lien is extinguished upon confirmation pursuant to 11 U.S.C. § 1327, and the debtor is protected from creditor harassment by the automatic stay (11 U.S.C. § 362(a)) during the term of the plan and by the discharge injunction (11 U.S.C. § 524(a)) when the plan is completed.

In chapter 7, § 522(f) frees assets which are retained by the debtor, but in most chapter 13 cases, § 522(f) affords debtors no benefits beyond those provided by chapter 13.

Many chapter 13 plans in this district call for payment of 100% of all claims. For these debtors, lien avoidance under § 522(f) is unnecessary; liens are avoided not under § 522(f), but pursuant to 11 U.S.C. §§ 1327(b) and (c).[1] Sections 1327(b) and (c) provide:

> (b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.
> (c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

Avoidance of a lien pursuant to § 1327 is more favorable to a debtor than avoidance under § 522(f). A lien is avoided under § 522(f) only "to the extent that such lien impairs an exemption...." Under § 1327, the property vests in the debtor free and clear of *any* claim or interest of any creditor.

The difference between the extent of avoidance under § 522(f) and § 1327 is significant where the exemption being impaired is a "conditional" exemption. The exemption in this case, for example, is the North Carolina residential exemption (N.C. G.S. § 1C–1601(a)(1)) which is conditioned on continued ownership by the debtor and continued use as a residence. *In re Love*, 42 B.R. 317 (Bankr.E.D.N.C.1984). If a judicial lien impairing the residential exemption is avoided under § 522(f)(1), the judgment creditor may pursue the property if the property ceases to be owned by the debtor or if the property is no longer used by the debtor or a dependent of the debtor as a residence. If a judicial lien is extin-guished by confirmation pursuant to § 1327, the avoidance is unconditional as long as the confirmed plan is completed.

Section 522(f) is also not much help for typical chapter 13 debtors who propose plans which pay less than 100% to creditors. Most plans in this district require debtors to pay all of their disposable income into the plan for a period of 36 months. In cases which pay less than 100% of claims, the dividend to unsecured creditors is frequently determined by the fate of liens subject to avoidance under § 522(f) (primarily § 522(f)(2)). If the liens are not avoided, the lienholders will receive the full amount of their secured claims. If, on the other hand, the liens are avoided, unsecured creditors will receive a higher dividend at the expense of the lienholder.

The avoiding power of § 522(f), unlike the avoiding powers of 11 U.S.C. §§ 544, 545, 547, 548 and 549, which benefit unsecured creditors, is intended to benefit only the debtor. The purpose of § 522(f) is not to provide assets for unsecured creditors, but to preserve the debtor's "fresh start." Yet in the typical chapter 13 case, the unsecured creditors are the effective beneficiaries of § 522(f) lien avoidance. Since only the debtor can file a plan, and only the debtor can avoid liens under § 522(f), the debtor has the ability to arbitrarily favor unsecured claimants to the detriment of a creditor whose claim is secured by a valid lien. Section 522(f) was not enacted for that purpose, and that result is not consistent with bankruptcy policy. *Matter of McElwaney*, 40 B.R. 66, 70 (Bankr.M.D. GA 1984) citing *Maryland National Bank v. Mayor of Baltimore*, 723 F.2d 1138 (4th Cir.1983).

After analyzing the typical cases filed in the Middle District of North Carolina, Bankruptcy Judge Rufus W. Reynolds concluded that the equities of lien avoidance under § 522(f) were such that § 522(f) should not be available in chapter 13. *In*

---

**1.** One advantage of § 522(f) lien avoidance by a debtor with a 100% payment plan is a savings of interest. If the lien is avoided, the claim is treated as unsecured and no interest accrues (11 U.S.C. § 502(b)(2)). If the claim is secured, § 1325(a)(5)(B) effectively requires the payment of interest to provide payment of the present value of the claim.

*re Sands,* 15 B.R. 563, 8 BCD 424 (Bankr. M.D.N.C.1981). One commentator suggests that Judge Reynolds "has simply missed the whole idea behind section 522(f) and the policy reasons involved in its passage by Congress." McLaughlin, "Lien Avoidance by Debtors in Chapter 13 of the Bankruptcy Reform Act of 1978," 58 *Am. Bankr.L.J.* 45 at 66 (Winter 1984). We disagree. Judge Reynolds, with more than 40 years experience on the bankruptcy bench, has been a pioneer in the development of Chapter XIII and chapter 13 plans—there are few, if any, individuals more qualified to understand the practical aspects of the interplay between § 522(f) and chapter 13 plans.[2] Judge Reynolds is correct that in the overwhelming majority of chapter 13 cases, § 522(f) is either unnecessary or provides significant benefits to no one except unsecured creditors, to the detriment of holders of valid liens.

Nevertheless, there are some chapter 13 cases in which the debtor would clearly benefit from § 522(f). This is such a case.

Without § 522(f) and chapter 13, Mr. and Mrs. Allred would lose their home. Without § 522(f)(1), the BB&T secured claim is $25,000 and, in the absence of BB &T's consent, the debtors' plan would have to pay BB&T the present value of $25,000 to be confirmable. (§ 1325(a)(5)(B)). Through lien avoidance under § 522(f)(1), the BB&T secured claim will be reduced to $10,000 and can be satisfied through the debtors' proposed plan. The debtors will clearly benefit from § 522(f)(1) in these circumstances.

Congress undoubtedly intended to encourage debtors to use chapter 13 rather than chapter 7. H.R.Rep. No. 595, 95th Cong., 1st Sess. 118 (1977). This intention was reinforced by the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984. Pub.L. 98–353, 98 Stat. 333 (1984); S.Rep. No. 65, 98th Cong., 1st Sess. 3 (1983). The new notice and counseling requirements of 11 U.S.C. § 342(b) (Bankruptcy Amendments and Federal Judgeship Act of 1984 § 302) and Official Bankruptcy Form No. 1 (Bankruptcy Amendments and Federal Judgeship Act of 1984 § 322) are designed to encourage use of chapter 13. Also, chapter 7 relief may be denied consumer debtors in instances constituting "substantial abuse" (11 U.S.C. § 707(b); Bankruptcy Amendments and Federal Judgeship Act of 1984 § 312), with the expectation that potential chapter 7 "abusers" will use chapter 13. It would indeed be ironic if a debtor who was denied chapter 7 relief under § 707(b) could not file a feasible chapter 13 plan because § 522(f) is not available in chapter 13 cases. Application of § 522(f) in the present case is consistent with the policy that favors the use of chapter 13.

The determination that § 522(f) is available to the debtors, however, does not by itself mean that the lien will be avoided. The avoidance of the judicial lien will only be sustained if the debtors are able to propose a confirmable plan. To be confirmable, the debtors must meet the requirements of 11 U.S.C. § 1325 including the "good faith" requirement of § 1325(a)(3). Some of the factors to be considered include: percentage of proposed repayment, debtor's financial condition, length of plan, employment history and prospects, nature and amount of unsecured claims, past bankruptcy filings, honesty in presenting facts, unusual or exceptional problems, degree of effort, dealings with creditors, and administrative burden on trustee. *Deans v. O'Donnell,* 692 F.2d 968 (4th Cir.1982); *In re Kitchens,* 702 F.2d 885 (11th Cir.1983); *In re Estus,* 695 F.2d

---

2. We also disagree with the same commentator's conclusion that by refusing to apply § 522(f) in chapter 13 cases debtors have been forced into chapter 7. McLaughlin, "Lien Avoidance by Debtors in Chapter 13 of the Bankruptcy Reform Act of 1978," 58 *Am.Bankr. L.J.* 45, 66 (1984). Chapter 13, in both the Middle and Eastern Districts of North Carolina, has continued to be the most popular choice for individuals seeking bankruptcy relief, notwithstanding *Sands* and *Aycock.* See S.Rep. No. 65, 98th Cong., 1st Sess. at 3 (1983) commending the Middle District of North Carolina's rate of chapter 13 filings (86.1% of all individual filings).

311 (8th Cir.1982); *Barnes v. Whalen,* 689 F.2d 193 (D.C.Cir.1982); *In re Goeb,* 675 F.2d 1386 (9th Cir.1982); *In re Rimgale,* 669 F.2d 426 (7th Cir.1982); *Flygare v. Boulden,* 709 F.2d 1344 (10th Cir.1983); *In re Hines,* 723 F.2d 333 (3rd Cir.1983); and *In re Puckett,* (No. 82–01987–5, unpublished opinion (Bankr.E.D.N.C.1984), aff'd, No. 83–2050, unpublished opinion (4th Cir. Sept. 14, 1984). An additional factor should be the effect of the debtors' use of § 522(f). Peeples, "Five into Thirteen: Lien Avoidance in Chapter 13," 61 N.C.L. Rev. 849 at 867–68 (1983).

Although not applicable in this case,[3] the requirement of 11 U.S.C. § 1325(b)(1) that a debtor commit all of the debtor's disposable income to the plan for a period of three years, plus the "good faith" requirement of § 1325(a)(3), should help alleviate the potential abuses which might otherwise arise through the use of § 522(f) in chapter 13 cases.

Accordingly, if the debtors' plan is confirmed, an order shall be entered avoiding the judicial lien of Branch Banking & Trust Company to the extent it impairs the debtors' exemption.

All parties in interest shall have ten (10) days from the date of the entry of this order to file objections to confirmation of the debtors' plan.

This opinion's departure from the *Aycock* decision raises questions about the applicability of § 522(f) to pending chapter 13 cases. Section 522(f) shall apply to both pending and future chapter 13 cases, but since debtors are bound by the terms of confirmed plans (11 U.S.C. § 1327(a)), § 522(f) will not be available to avoid liens in those pending cases in which plans have been confirmed.

Bankruptcy Judge Thomas M. Moore of this district heard the arguments in this case and concurs with this Memorandum Opinion and Order.

SO ORDERED.

---

**3.** Under 11 U.S.C. § 1325(b)(1) (Bankruptcy Amendments and Federal Judgeship Act of 1984 § 317), if a trustee or unsecured creditor who is not being paid 100% of its claim objects, the debtor must commit all of the debtor's disposable income to the plan for a period of three years before the plan may be confirmed. Section 1325(b)(1), however, is applicable only to cases filed after October 9, 1984 (Bankruptcy Amendments and Federal Judgeship Act of 1984 § 553(a)); this case was filed on January 3, 1984, and therefore, § 1325(b)(1) does not apply.