**In re David A. KOCH, Carol A. Koch, Debtors.**

**Bankruptcy No. EF11–83–01828.**

United States Bankruptcy Court, W.D. Wisconsin.

April 10, 1985.

 

Terrence R. Spaeth (Herrick, Hart, Duchemin, Danielson & Guettinger), Eau Claire, Wis., for debtors.

James G. Franey, Jr. (now deceased), Eau Claire, Wis., for Gateway Credit, Inc.

Peter F. Herrell (Jordan, Herrell & Thiel), Eau Claire, Wis., for Production Credit Ass'n Chippewa Falls.

## FINDINGS OF FACT, CONCLUSION OF LAW AND ORDERS OF DISTRIBUTION

WILLIAM H. FRAWLEY, Bankruptcy Judge.

Gateway Credit, Inc., by Attorney James G. Franey, Jr., having filed a motion for determination of its interest in the proceeds of sale; and a hearing having been held; and Gateway appearing by counsel; and Production Credit Association of Chippewa Falls appearing by Attorney Peter F. Herrell; and Debtors David A. and Carol A. Koch appearing in person and by Attorney Terrence R. Spaeth; the Court, being fully advised in the premises, FINDS THAT:

1. Prior to 1982, Production Credit Association of Chippewa Falls (PCA) perfected a security interest in the livestock of Debtors Carol A. and David A. Koch.

2. On March 20, 1982, the Debtors bought 3 cows with financing from Gateway Credit, Inc.

3. On the same day Debtor David A. Koch executed a combined note and security agreement in favor of Gateway. The note provided for a one month term. The security agreement was granted "for the purpose of securing the payment and performance of the Note described above, and all renewals and extensions thereof, and all other ... indebtedness ..."

4. On the same day Mr. Koch executed a financing statement in favor of Gateway which was recorded on March 24, 1982—perfecting Gateway's purchase money security interest, Wis.Stats. sec. 409.302(1).

5. On April 20, 1982, Mr. Koch satisfied the original note by executing a new note

and security agreement. The renewal note, in the amount of the principal and interest due under the original note and credit insurance charges, provided for a three year term at the same interest rate as the original note.

6. On April 12, 1983, Gateway obtained a judgment of replevin against Mr. Koch which, apparently, was never executed. There is now due and owing the sum of $2,043.91 on such judgment.

7. On November 10, 1983, the Debtors filed for relief under Chapter 11 of the Bankruptcy Code.

8. In October of 1984, the Debtors' livestock herd, consisting of 43 head of cattle, was sold over Gateway's objection.[1] Mr. Koch testified that the 3 cows pledged to Gateway were a part of the herd but could not have been separately identified.

### Discussion

9. *Renewal.* "A purchase money security interest ... has priority over a conflicting security interest ... if the purchase money security interest is perfected ... within 20 days ..." Wis.Stats. sec. 409.-312(4).

10. "A security interest is a 'purchase money security interest' to the extent that it is ... [t]aken by a person ... who gives value to enable the debtor to acquire rights in or the use of collateral ..." Wis.Stats. sec. 409.107(2).

11. "Chapters 401 to 409 shall be liberally construed and applied to promote its [sic] underlying purposes and policies." Wis.Stats. sec. 401.102(1). Those purposes and policies are: (a) to simplify the law governing commercial transactions, (b) to permit expansion of commercial practices through custom, usage and agreement of the parties and (c) to make uniform the law among the various jurisdictions. Wis. Stats. sec. 401.102(2).

12. This Court has recently considered whether a refinancing agreement[2] between the original parties to a purchase money security agreement destroys the purchase money nature of the relationship:

> The degree to which the original obligation of the debtor has changed determines whether refinancing constitutes a renewal or a novation. Where a novation is found, the PMSI is extinguished ... 'A new note given in lieu of an existing note *between the same parties* and for the same indebtedness ... does not constitute a novation.'

*In re Richardson,* Adv. No. 84–99–7, 47 B.R. 113 (Bankr.W.D.Wis.1985) (Martin, J.) (emphasis added by *Richardson* court).

13. *Commingling.* In *Barth Bros. v. Billings,* 68 Wis.2d 80, 91–92, 227 N.W.2d 673, 679 (Sup.1975), a creditor in Gateway's position was denied relief because it failed to introduce any admissible evidence regarding the number or sale price of the secured cows it claimed were sold.

14. Here, there is uncontroverted testimony that three cows subject to Gateway's interest were sold and the value of those fungible cows may be established by calculating a pro rata share of the sale proceeds.

15. *Merger.* "[T]he doctrine of merger of a cause of action in the judgment rendered thereon is calculated to promote justice, and will be applied with due consideration of the demands of justice and equity, it may be carried no further than the ends of justice require." 46 Am.Jur.2d *Judgments* sec. 382 (1969) (footnotes omitted).

16. It would be neither just nor equitable for Gateway, which extended the funds which enabled the Debtors to purchase three additional cows, to lose its purchase money status vis-a-vis PCA by virtue of the replevin judgment.

---

1. Gateway first learned of the sale shortly before it was to take place.

2. This is not a case involving consolidation, additional advances, *see In re Pristus,* 742 F.2d 797, 800, 39 U.C.C. Rep. Serv. 1, 5 (3rd Cir.1984)

("price" includes financing costs), or "add-on" clauses. *Cf., e.g., In re Luczak,* 16 B.R. 743, 33 U.C.C.Rep.Serv. 710 (Bankr.W.D.Wis.1982) (consolidation), *In re Mattson,* 20 B.R. 382 (Bankr. W.D.Wis.1982) (same).

CONCLUSION OF LAW

Gateway has an interest in ³⁄₄₃ of the proceeds of the sale of the Debtors' cattle in an amount not to exceed $2,043.91.

ORDER

IT IS ORDERED THAT ³⁄₄₃ of the proceeds of the sale of the Debtors' cattle or $2,043.91, whichever is less, be distributed to Gateway Credit, Inc.

IT IS FURTHER ORDERED THAT the balance of the proceeds of the sale of the Debtors' cattle, or the adjusted balance due Production Credit Association of Chippewa Falls pursuant to its proof of claim, whichever is less, be distributed to Production Credit Association of Chippewa Falls.

IT IS FURTHER ORDERED THAT the remaining balance, if any, be distributed to the Debtors-in-possession.