### In re Ardell PTACEK and Lavonne Ptacek, Debtors.

#### Bankruptcy No. 87–05466.

United States Bankruptcy Court, D. North Dakota.

Sept. 3, 1987.

James Coles, Bismark, N.D., for debtors.

Vicki Aldridge, Fargo, N.D., for U.S.

Wayne Drewes, Fargo, N.D., trustee.

### ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The matter before the court is an Amended Motion To Avoid Lien Impairing Debtors' Exemptions filed by the Debtors, Ardell and Lavonne Ptacek, on July 31, 1987. The Debtors filed their Chapter 12 petition on May 13, 1987. They seek to avoid Farmers Home Administration's (FmHA) lien in seven pieces of farm equipment pursuant to 11 U.S.C. § 522(f)(2)(B). FmHA resists the motion but has not challenged the classification of the lien as a nonpossessory, nonpurchase-money security interest in the Debtors' implements or tools of the trade. By written stipulation filed August 5, 1987, the parties have valued the equipment in question at $11,-100.00. Both parties have filed briefs in support of their respective positions.

Section 522(f) of the Bankruptcy Code, in part, provides,

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> \* \* \* \* \* \*
>
> (2) a nonpossessory, nonpurchase-money security interest in any—
>
> \* \* \* \* \* \*
>
> (B) implements ... or tools of the trade of the debtor....

11 U.S.C. § 522(f).

1.

■ The first issue presented by the motion is whether a debtor proceeding under Chapter 12 of the Bankruptcy Code (Chapter 12) may use 11 U.S.C. § 522(f) to avoid liens. This is an issue of first impression under Chapter 12. The legislative history of Chapter 12 reveals that it was closely patterned after Chapter 13 of the Bankruptcy Code (Chapter 13). *See* 132 Cong. Rec.S 15076 (Daily Ed. Oct. 3, 1986) (statement of Sen. Grassley). Given the similarity between Chapter 12 and Chapter 13 the court has given substantial consideration to cases defining the application of section 522(f) to Chapter 13.

Section 103(a) of the Bankruptcy Code states, "[e]xcept as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, 12, or 13 of this title." This provision places a

heavy burden on a party arguing that a provision of chapter 5 is inapplicable in Chapter 12. However, courts have concluded that when a general provision of chapter 5 conflicts with a specific provision of Chapter 13, the specific provision prevails. *In re Thornhill Way I*, 636 F.2d 1151 (7th Cir.1980); *In re Aycock*, 15 B.R. 728, 729 (Bankr.E.D.N.C.1981). In the current case, however, FmHA has not noted any specific Chapter 12 provisions in conflict with section 522(f) but has instead argued that the general design of Chapter 12 abrogates the need for section 522(f) lien avoidance. In deciding that section 103(a) applies section 522(f) to Chapter 13 cases, the United States Court of Appeals for the Eleventh Circuit reasoned,

> Although creditors might perceive that this result is unfair, we believe that their arguments should be presented to Congress. It is one thing for a court to choose between statutory provisions that are in direct conflict, and quite another for a court to evaluate policy arguments that contradict the language of a statute and should be addressed by a legislature. Appellants' contentions in this case are much closer to the latter category.

*In re Hall*, 752 F.2d 582, 590 (11th Cir. 1985). This court is similarly unwilling to contradict the clear language of section 103(a) of the Bankruptcy Code.

In addition to the operation of section 103(a), the nearly unanimous majority of courts considering whether section 522(f) applies in Chapter 13 actions have concluded that it does apply. *See In re Allred*, 45 B.R. 676, 677–78 (Bankr.E.D.N.C.1985) (citing 27 cases applying section 522(f) to Chapter 13).

FmHA argues that its lien in the Debtors' property does not impair the Debtors' exemptions because the Debtors' property remains in their possession under the Chapter 12 plan. 11 U.S.C. § 1227(b) vests title to the estate property in the debtors upon confirmation of the Chapter 12 plan. As support for their argument FmHA cites *In re Lindberg*, 735 F.2d 1087 (8th Cir.1984). In *Lindberg* the court held that a debtor converting from a proceeding under Chapter 13 to one under Chapter 7 is not bound by the exemptions claimed in the earlier Chapter 13 proceeding. *Id.* at 1091. The court, in dicta, noted that a debtor under Chapter 13 files a schedule of exemptions "only to permit creditors to determine whether the Chapter 13 plan should be accepted, and for the court to determine in confirming the plan that the creditors would receive more under the plan than they would in a Chapter 7 liquidation." *Id.* at 1089. The court in *Lindberg* also noted that, in contrast to a Chapter 7 liquidation, when a Chapter 13 plan is confirmed title to the property of the estate vests in the debtor. *Id.* FmHA argues that by this statement in *Lindberg* the United States Court of Appeals for the Eighth Circuit implies that there is no need for section 522(f) lien avoidance in Chapter 13 and similarly in Chapter 12 because the debtors remain in possession of their property without the operation of an exemption. FmHA further asserts that the only beneficiaries of a section 522(f) lien avoidance under Chapter 12 would be the unsecured creditors. The unsecured creditors would benefit because the lien avoidance would free up money to pay the unsecured claims. According to FmHA the Debtors would personally receive no benefit from a section 522(f) lien avoidance.

This argument is faulty, first, because it too narrowly interprets the purpose of section 522(f) lien avoidance as being only to place the debtor in possession of exempt property. In its Report on the Bankruptcy Reform Act of 1978 the House Judiciary Committee stated the purpose of section 522(f) as follows:

> In consumer cases, very often a secured creditor with a security interest in all of the debtors' property, including household and personal goods, uses the threat of foreclosure to obtain a reaffirmation of a debt. Otherwise, the secured creditor is able to deprive a debtor of even the most insignificant household effects, including furniture, cooking utensils, and clothing, even though the items have little if any realizeable market value. However, the goods do have a high replacement cost, and thus the creditor is

able to use the threat of repossession, rarely carried out, to extract more than he would be able to if he did foreclose or repossess.

H.R.Rep. No. 595, 95th Cong., 2d Sess. 127, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5963, 6088. Thus the Congress intended the debtor to be able to avoid liens in order to alleviate harassment by creditors seeking reaffirmation agreements. This court finds that this danger is equally present in cases under Chapter 12 as it is in any other chapter to which section 522(f) applies.

A Chapter 12 debtor also garners other benefits by avoiding liens under section 522(f). His ability to propose a feasible Chapter 12 plan may depend on his ability to avoid liens. Section 1225(a)(5) of the Bankruptcy Code requires that a secured creditor receive value under the plan not less than the allowed amount of its claim. This provision may potentially require the debtor to make payments on his secured obligations that are in excess of his monthly income available to contribute to the plan. However, if the secured claims are avoided under section 522(f) and the secured creditor thereby becomes unsecured, a debtor's plan must only meet the requirements of section 1225(a)(4) of the Bankruptcy Code. Section 1225(a)(4) only requires that unsecured creditors receive at least as much as they would under a Chapter 7 liquidation. Thus the Chapter 12 debtor receives a financial benefit by exercising his section 522(f) lien avoidance power in that he reduces the amount that must be paid out through the plan. The debtor further benefits because no interest accrues on an unsecured claim. If, however, a claim is secured, section 1225(a)(5)(B) requires the debtor to pay interest on the claim over the repayment period.

Thus, by avoiding a lien using section 522(f) the debtor improves his ability to propose a feasible plan and reduces his total obligation under the Chapter 12 plan by avoiding interest payments. Clearly, then there is no merit to FmHA's argument that the Debtor does not receive any personal financial benefit from section 522(f) lien avoidance.

Additionally, the court notes that Congress intended to encourage debtors to reorganize under Chapter 12 rather than liquidate under Chapter 7. *See In re Allred,* 45 B.R. 676, 680 (Bankr.E.D.N.C.1985) (analyzing evidence of congressional preference for reorganization over liquidation). Given the substantial benefits inuring to a debtor from a lien avoidance, it would thwart the congressional preference if section 522(f) were available to debtors under Chapter 7, but not under Chapter 12.

2.

The second issue presented involves the degree to which a Chapter 12 debtor ought to be able to exercise state law exemptions. The Debtors invoked section 522(f)(2)(B) of the Bankruptcy Code asserting that the lien of FmHA impairs exemptions taken in the seven pieces of equipment pursuant to N.D.Cent.Code § 28–22–03.1(1). This section commonly referred to as the "in lieu of" exemption allows each debtor in a joint case to select "in lieu of the homestead exemption, up to $7,500.00." If exercised by both debtors the total exemption is $15,000.00 in a joint case. The value of the seven items in question is $11,101.00 and the value of all property claimed as exempt under section 28–22–03.1(1) is $17,765.00. Other property valued at 4,850.00 has been exempted under N.D. Cent.Code § 28–22–03.

FmHA argues that an exemption in farm implements should be taken either under section 28–22–03 or under section 28–22–04 which is an alternative to section 28–22–03 available to a head of the family and which allows a specific $4,500.00 exemption in farm implements. It would work an injustice on secured creditors says FmHA for a Chapter 12 debtor to use section 28–22–03.1(1) to exempt more farm implements than what would be allowed either under section 28–22–03 or 04. FmHA's argument has merit only if section 28–22–03.1(1) can be construed so as to permit an exemption in cash only. This section does not specify whether the exemption applies to cash only or is more expansive to include any interest in any property. The North Dakota Su-

preme Court has not had an occasion to rule on this issue. Absent any contrary case law, this court must consider the legislative intent in enacting section 28–22–03.-1(1) in an effort to determine the scope of this exemption. Based upon the testimony of attorney Max Rosenberg on February 16, 1981, before the House Committee of Industry, Business and Labor, and based upon the way in which section 28–22–03.1 very closely tracks section 522(d) exemptions of the Bankruptcy Code, this court has in the past taken the position that the North Dakota Legislature intended to fashion section 28–22–03.1 in the tracks of section 522(d)(1) of the Bankruptcy Code. Courts have held that the section 522(d)(1) exemptions relate to any property of the debtor. *In re Laird*, 6 B.R. 273 (Bankr.E.D.Pa.1980); *Matter of Nichols*, 4 B.R. 711 (Bankr.E.D.Mich.1980). This court in *In re Schmidt*, 38 B.R. 380 (Bankr.D.N.D.1984) concluded that section 28–22–03.1(1) provides for an exemption for each resident in any property up to a value of $7,500.00—an opinion which has not changed in this case. FmHA at this juncture argues that even so, the exemption can be taken only in the unencumbered portion of the property. True, however, section 522(f) affords a debtor the ability in instances as here to void a nonpossessory, nonpurchase-money security interest and thereby claim the full exemption as if that interest did not exist. To hold otherwise would, in many instances, render section 522(f) meaningless because a debtor with exempt property subject to liens would never be able to claim the full amount of his exemption irrespective of the nature of the lien. To follow FmHA's position would result in the absurdity that a debtor would avoid a lien only in property that was, in fact, free of liens. Such a construction would be contrary to the intent of Congress in adopting section 522(f). *See generally In re Maddox*, 713 F.2d 1526 (11th Cir.1983). The Debtors may claim the subject farm equipment exempt pursuant to section 28–22–03.-1(1) and may invoke section 522(f)(2)(B) in order to reach the full $15,000.00 joint exemption.

As previously pointed out, the aggregate value of the equipment exempted under section 28–22–03.1(1) is $17,-765.00, an amount which exceeds the limit by $2,765.00. The court also notes that within the exemptions claimed under section 28–22–03 is a homestead valued at $1.00. A homestead exemption, no matter how small, if taken is available only as an absolute exemption under section 28–22–02(7) and if taken operates to preclude any "in lieu of" exemption under section 28–22–03.1(1). *In re Janz*, 74 B.R. 32 (Bankr.D.N.D.1987). The Debtors cannot have both. Either they exempt their homestead or they exempt farm implements including the seven items at issue under section 28–22–03.1(1).

Accordingly, IT IS THE ORDER of the court that section 522(f) is available in Chapter 12 cases to the same extent as in any other Bankruptcy Code chapter; that the Debtors may utilize North Dakota Century Code § 28–22–03.1(1) to exempt the property consisting of farm implements but only to an aggregate value of $15,000.00; and, that if the Debtors wish to avail themselves of section 28–22–03.1(1) they cannot take an exemption in any homestead. The Debtors' B–4 schedule shall be amended to reflect their decision.

SO ORDERED.