**In re Delmar DIEGEL and Delores F. Diegel, Debtors.**

**Bankruptcy No. 95–30690.**

United States Bankruptcy Court, D. North Dakota.

Jan. 17, 1997.

Sidney A. Gross, Ashley, ND, for debtors.

Reed Soderstrom, Minot, ND, trustee.

Richard E. Herr, Wishek, ND.

### *MEMORANDUM AND ORDER*

WILLIAM A. HILL, Bankruptcy Judge.

This matter is before the court on a Motion to Avoid A Judicial Lien held by Arnold Regner, Jr., in the sum of $4,714.79. The Motion, resisted by Regner, was filed November 4, 1996, and came on for hearing on January 7, 1997.

*Facts*

1.

The Debtors filed a petition for relief under Chapter 7 on July 13, 1995.

Schedule A, Real Property, lists the Debtors' interest in a Contract for Deed in property described as the Southeast One-quarter (SE 1/4) of Section 21, (160 acres) and the North Half (N 1/2) of the Northeast One-quarter (NE 1/4) of Section 28 (80 acres), Township 133N, Range 71W, Logan County, North Dakota. The schedule lists the value of the Debtors' interest in the contract at $57,000. Schedule B, Personal Property, without any elaboration lists an interest in the Gustav Diegel Estate with a value of $8,205.

Schedule D, Creditors Holding Secured Claims, lists the Regner judgment, a Hospital Service, Inc. judgment of $3,196 and an outstanding claim by the Gustav Diegel Estate for $57,701 on account of the Contract for Deed.

Schedule C, Exemptions, as originally filed does not seek any exemption in real estate but rather, claims "farm equipment, livestock, feed, household goods, estate value [presumably referring here to the Gustav Diegel Estate] cash and all other property" in the aggregate value of $7,500, this being the maximum available to each Debtor under North Dakota Century Code § 28–22–03.1(1).

Schedule B accorded an aggregate value of $7,616 to livestock, farm equipment and household goods. The Debtors filed an amendment to further clarify the exemptions by specifying an exemption in the Gustav Diegel Estate of $8,205 in value with $4,255 claimed pursuant to § 28–22–03 and $3,950 claimed pursuant to § 28–22–03.1(1). Farm equipment, livestock, feed and household goods formerly lumped together with the Diegel Estate exemption are separately broken out with each being separately exempted. Household goods valued at $745 are claimed under § 28–22–03, livestock valued at $2,755 is claimed absolutely exempt under § 28–22–02(6), farm equipment valued at $375 is claimed exempt under § 28–22–03.1(1) as is feed valued at $600.

No exemption is claimed for any real estate.

2.

The Debtors testamentary interest in the Diegel Contract for Deed arose in consequence of their purchase of farmland from Delmar Diegel's father and his father's death while the contract was executory.

In 1981 the Debtors entered into a Contract for Deed with Gustav Diegel, Debtor Delmar Diegel's father, for the purchase of the East Half (E1/2) of Section Twenty-one (21) (320 acres) and the North Half (N1/2) of Section Twenty-eight (28) (320 acres), all in Township One Hundred Thirty-three (133), Range Seventy-one (71). The purchase price was $64,000 with $18,560 down and the balance of $45,440 at eight percent per annum to be paid in five annual installments of $9,088 plus interest. Gustav died in 1984 and his estate was probated with Delmar serving as the personal representative. Heirs were Delmar, his sister and the children of a deceased sister—one-third to each. At the time of death there remained three payments of $9,088 plus interest on the contract. The probate estate also incurred $2,500 in attorney's fees which have not been paid.

In 1990 the Debtors received a personal representative's deed for the Northeast One-quarter (NE1/4) of Section Twenty-one (21), the Northwest One-quarter (NW1/4) and the South Half (S1/2) of the Northeast One-quarter (NE1/4) of Section Twenty-eight (28) in consideration of $50,000. This deed effectively conveyed four hundred acres of the land being sold on the Contract for Deed and left two hundred forty acres yet to be conveyed. The four hundred acres conveyed by personal representative's deed was subsequently deeded over to FmHA. The land yet subject to the contract is that as described in Schedule A. The circumstances of these transactions has not been developed. The remaining two hundred forty acres apparently has not yet been conveyed to the Debtors and their interest remained a vendee's interest as of the date of their bankruptcy filing.

The Debtors calculated the value of their one-third share of the Gustav Diegel Estate at $8,205 by deducting one-third of the attorney's outstanding fees from one-third of the Contract for Deed payments still owing ($9,088 minus $833 = $8,255).

Regner attempted to execute upon his judgment by levying against the Debtors' interest in the Gustav Diegel Estate and he apparently is the only judgment creditor to have done so. No levy was attempted against the land itself nor apparently are the Debtors attempting to avoid the judgment as against the land itself to the extent one exists.

*Discussion*

As no exemption has been claimed for real property and the Debtors are not seeking to avoid the Regner judgment to the extent it may attach to real property, the court will not engage in a discussion of that issue. Section 522(f) as relevant provides as follows:

(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien, other than a judicial lien that secures a debt—

\*  \*  \*  \*  \*  \*

(2)(a) For the purposes of this subsection, a lien shall be considered to impair

an exemption to the extent that the sum of—

(i) the lien,

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

\* \* \* \* \* \*

11 U.S.C. § 522(f).

 The definition of impairment as set forth in § 522(f)(2)(A) is intended to provide a "simple arithmetic test to determine whether a lien impairs an exemption." H.R.Rep. 103–384, 103 Cong., 2nd Sess. p. 52 *reprinted in* 1994 U.S.Code Cong. & Admin.News, pp. 3340, 3361.

■ From the schedules and documents in evidence, the only judgment to be factored into the calculation is that held by Regner as his is the only one that constitutes a judicial lien under applicable North Dakota law. Under North Dakota law, a judgment alone does not work to impose a lien on personal property. To constitute a judgment "lien" there must be an actual levy upon the personal property in question. *First Security Bank of Underwood v. Friese Manufacturing,* 489 N.W.2d 342, 345 (N.D.1992); *Towne v. Sautter,* 326 N.W.2d 694, 697 (N.D.1982). The total amount of the exemption the Debtors could claim in absence of any liens (calculated regardless of whether the exemption is actually claimed) must be considered in view of the exemptions available to both joint debtors. The $8,255 Diegel inheritance is amenable to being exempted under N.D.Cent.Code § 28–22–03, head of family exemption, with a limit of $5,000 as well as under N.D.Cent.Code § 28–22–03.1(1), in lieu of homestead exemption, with a limit of $7,500 for each Debtor.[1] Even without regards to the possibility that co-Debtor Delores Diegel could claim the livestock, farm equipment, and feed, utilizing her separate exemption under § 28–22–03.1(1), the total amount of the exemption available for the Diegel inheritance is $8,255 which is the value of the Debtors' interest in the inheritance. Thus the calculation becomes: $4,714.79 + $8,255 = $12,969.79. This sum exceeds the value of the Debtors' interest in the property in question in the absence of any liens against it—*i.e.,* $8,255 by $4,714.79 ($12,969.79 − $8,255 = $4,714.79). According to the formula, the Debtors may avoid the judicial lien of Arnold Regner, Jr., in its entirety.

**SO ORDERED.**

---

1. North Dakota Century Code § 28–22–03.1(1) affording a resident of the state a $7,500 exemption in lieu of the homestead exemption affords each debtor in a joint case with an exemption up to $7,500. Thus, if exercised by both debtors the total exemption would be $15,000. *In re Ptacek,* 78 B.R. 986 (Bankr.D.N.D.1987).