**In the matter of Julian M. THIGPEN, Margie M. Thigpen, Debtors.**

**Julian M. Thigpen, Margie M. Thigpen, Movants,**

**v.**

**The Cadle Company, Respondent.**

No. 03–60888.

United States Bankruptcy Court,
S.D. Georgia,
Statesboro Division.

June 7, 2007.

Lance J. Hamilton, Hamilton & Maddox, LLC, Lee Cannon, Vidalia, GA, for Debtors.

David C. Whitridge, Atlanta, GA, for Respondent.

## ORDER ON MOTION TO AVOID JUDICIAL LIEN OF THE CADLE COMPANY

LAMAR W. DAVIS, JR., Bankruptcy Judge.

The Debtors' Chapter 7 case was filed on July 30, 2003. At that time, the Debtors owned a parcel of real estate at 1500 Coleman Bridge Road, Cobbtown, Georgia (the Property), that was valued at approximately $24,000.00 and secured by a $24,000.00 mortgage. Previously, on December 5, 2001, a judgment was entered against the Debtors and in favor of The Cadle Company (Cadle) in a civil action in the amount of $26,437.07, and the recording of that judgment on the general execution docket created a judgment lien in favor of Cadle on all of the Debtors' real and personal property (the Lien). Although the Debtors eventually received a discharge, their Chapter 7 case was subsequently reopened. Before the Court is the Debtors' motion to avoid the Lien.

### FINDINGS OF FACT

When the Debtors filed their bankruptcy case, they did not file any claim of exemption regarding the Property nor did they file any motion to avoid the Lien. On their Schedule A, the Debtors listed the Property with a market value of $23,999.19, which was secured by a claim of $23,999.19. *See* Dckt. No. 1 (July 30, 2003). No party objected to these values. The Debtors received a discharge on December 2, 2003, *see* Dckt. No. 9 (December 2, 2003), and their case was closed on December 5, 2003, *see* Dckt. No. 12 (December 5, 2003).

In May 2005, the Debtors settled a workers' compensation claim that arose out of a pre-petition injury. The Debtors received slightly over $100,000.00 in satisfaction of that claim, but under the clear authority of this Court, these funds were not property of the Debtors' bankruptcy estate. *See In re Harvey*, 356 B.R. 557, 560 n. 4 (Bankr.S.D.Ga.2006) (citing O.C.G.A. § 34–9–84). They used the proceeds of the settlement, in part, to pay off the mortgage on the Property that was owed to First Franklin, an action that elevated the Lien to the senior position on the Property. Cadle subsequently learned of the satisfaction of the first mortgage and instituted foreclosure actions, at which point the Debtors moved this Court and obtained an order reopening their Chapter 7 case so as to avoid the Lien. *See* Dckt. No. 20 (January 4, 2007). The Debtors subsequently filed their motion to avoid the Lien. *See* Dckt. No. 26 (February 6, 2007).

In objecting to the avoidance of the Lien, Cadle argues that the Debtors had the full opportunity to claim an exemption and seek a lien avoidance in the Property at the time they filed their case but failed to do so. Although Cadle appears to concede that the Debtors would have been successful had a lien avoidance been prose-

cuted in 2003, it contends that the fact that the Debtors did not do so at that time has the legal effect of requiring the Court to determine the relief to which the Debtors are entitled based on (1) today's valuation of the Property rather than the valuation at the date of filing, and (2) the fact that the first mortgage has been paid off. Therefore, Cadle argues that because the Property is now worth over $35,000.00 and because the Debtors' maximum exemption is $20,600.00, there should be a resulting lien that is not avoidable of approximately $14,400.00.

The Debtors take the position that once their case was reopened to afford them relief that was not previously granted, they had the right to file a claim of exemption and a motion to avoid the Lien, which should be determined based on the facts at the time of filing, i.e., that the Property had a value of $23,999.19 and was fully encumbered.

## CONCLUSIONS OF LAW

 With regards to the avoidance of judicial liens, 11 U.S.C. § 522(f) [1] provides in part:

(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in [11 U.S.C. § 523(a)(5)].

A lien impairs an exemption to the extent that the sum of the following exceeds the value that the debtor's interest in the property would have in the absence of any liens: (i) the lien at issue; (ii) all other liens on the property; and (iii) the amount of the exemption that a debtor could claim if there were no liens on the property. 11 U.S.C. § 522(f)(2)(A). This provision was intended to provide a simple arithmetic test to determine whether a judicial lien impairs an exemption. *In re Diegel,* 206 B.R. 194, 196 (Bankr.D.N.D.1997) (quotations omitted).

As for the particular date the Court should use to assess the value of the Property for the Debtors' motion to avoid the Lien, I have previously determined that the petition date is the proper date. *See Hunter v. Dean Witter Fin. Services, Inc. (In re Hunter),* 1994 WL 16005197, *3 (Bankr.S.D.Ga.1994). This position has been echoed by courts around the country. *See, e.g., Culver, LLC v. Chiu (In re Chiu),* 266 B.R. 743, 751 (9th Cir. BAP 2001) ("It is well-established that the nature and extent of exemptions is determined as of the date that the bankruptcy petition is filed."); *Pepper v. Pub. Serv. Employees Credit Union (In re Pepper),* 210 B.R. 480, 484 (Bankr.D.Colo.1997) ("Viewing the amendments to Section 522(f) in light of the legislative record, the court can reach only one conclusion. It appears that the intent was to seek to freeze the relative rights of the debtor and the creditors as of the date of the filing of the petition."); *In re Finn,* 151 B.R. 25, 27 (Bankr.N.D.N.Y. 1992). Therefore, the Court will use the value of the Property on the Debtors' petition date to rule on their motion to avoid the Lien.

The amount of the Lien was $26,437.07, and the Property was secured by a claim of First Franklin for $23,999.19. Furthermore, in an amended Schedule C, the Debtors seek exemptions totaling $20,600.00 for the Property. *See* Dckt. No. 39 (April 19, 2007) (citing O.C.G.A.

---

**1.** Hereinafter, all Section references are to Title 11 of the United States Code.

§§ 44–13–100(a)(1) and 44–13–100(a)(6)). It is clear that the sum of these three amounts ($71,036.26) exceeds the value that the Debtors' interest in the Property would have had in the absence of any liens ($23,999.19). Under Section 522(f)(2), the Lien impairs the Debtors' claimed exemptions in the Property. Because the Lien impairs the Debtors' exemptions, Section 522(f)(1)(A) permits the Debtors to avoid the Lien.

Even though the Debtors had no equity in the Property on their petition date, my decision to grant their motion is further supported by the commentary accompanying the 1994 amendments to Section 522(f). *See* 140 CONG. REC. H10,764 (Oct. 4, 1994). Concerning the definition of "impair an exemption," Congress addressed a situation in which a debtor has a home worth $40,000.00 and a mortgage of $40,000.00. It agreed with those courts that had permitted the avoidance of a judicial lien in that situation and stated that Section 522(f)(2) made clear that such a lien is avoidable. *See Id.* (analysis of Section 303 of the Bankruptcy Reform Act of 1994). Similarly, in the present case, the Debtors entered bankruptcy with the Property worth $23,999.19 and a mortgage of $23,999.19. Although the Debtors had no equity in the Property when they filed their Chapter 7 case, they met the standard of an impaired exemption under Section 522(f)(2), and the legislative history of this section of the Bankruptcy Code clearly indicates that the Debtors may avoid the Lien under these circumstances.

## ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that the Debtors' motion to avoid the judicial lien held by The Cadle Company is GRANTED.